IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Lori Ramsay and Dan Smalling, | ) | OPINION |
| | ) | |
| Plaintiffs and Appellants, | ) | Case No. 20100659-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Kane County Human Resource Special | ) | (April 5, 2012) |
| Service District; Utah State Retirement | ) | |
| System; Dean Johnson; and John | ) | 2012 UT App 97 |
| Hancock Life Insurance Company, | ) | |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Third District, Salt Lake Department, 090921344
The Honorable L.A. Dever

Attorneys:     Brian S. King, Salt Lake City, for Appellants
               Timothy C. Houpt and Mark D. Tolman, Salt Lake City, for Appellee
               Kane County Human Resource Special Service District
               David B. Hansen and Liza J. Eves, Salt Lake City, for Appellee Utah
               State Retirement System
               Chad J. Utley and Brandon L. Kidman, St. George, for Appellee Dean
               Johnson
               Thomas R. Barton and Florence M. Vincent, Salt Lake City; and
               H. Joseph Escher III, San Francisco, California, for Appellee John
               Hancock Life Insurance Company

-----

Before Judges Voros, Davis, and Thorne.

DAVIS, Judge:

¶1  Lori Ramsay and Dan Smalling, individually and as representatives of a class of similarly situated individuals (collectively, Plaintiffs), appeal the trial court's dismissal of their complaint for lack of subject matter jurisdiction. We affirm in part and reverse in part. We affirm the trial court's dismissal with respect to those claims that fall under the Utah State Retirement and Insurance Benefit Act (the Act) and reverse and remand with instructions for the trial court to stay the proceedings as to those claims that do not fall under the Act pending resolution of the related administrative proceeding. *Cf. Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 79 (Me. 1980) (remanding "with instructions to stay further action pending completion of the administrative proceedings").

BACKGROUND

¶2  Plaintiffs filed a complaint on December 16, 2009, alleging several claims against the Kane County Human Resource Special Service District (the Hospital),[1] the Utah State Retirement System (URS), Dean Johnson, and John Hancock Life Insurance Company (John Hancock). Plaintiffs allege that the Hospital failed "to fund [the Plaintiffs'] retirement benefits in the amounts and manner required by Utah statute and federal law" and that Johnson and John Hancock, who assisted the Hospital in setting up its retirement benefits program, and URS, which administers the Act that the Hospital's retirement plan allegedly violated, either neglected to advise or inadequately advised the Hospital regarding its duty. Plaintiffs also allege that URS failed to remedy the situation when initially contacted by Plaintiffs. URS did eventually commence a proceeding before the Utah State Retirement Board (the Board) against the Hospital "to recover the unpaid benefit contributions from 1993 to 2009," and Ramsay and Smalling, as individuals and not as representatives of a class, were allowed to intervene in that administrative proceeding.[2] Plaintiffs filed their complaint several months after URS

---

[1]According to the complaint, "Kane County Human Resource Special Service[] District . . . is a governmental entity that for many years has operated the Kane County Hospital" where Plaintiffs currently work or have worked.

[2]Ramsay and Smalling joined the administrative proceeding eight months after their complaint had been filed. URS filed its "Notice of Board Action" against the

(continued...)

20100659-CA                                          2

commenced the administrative proceeding, raising five causes of action against Defendants: "1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) breach of fiduciary duty; 4) negligence; and 5) declaratory and injunctive relief." Each of the defendants responded to Plaintiffs' complaint individually, asserting a similar argument that the trial court lacked subject matter jurisdiction based on Plaintiffs' failure to exhaust existing administrative remedies in light of the ongoing proceeding before the Board. The trial court agreed and dismissed Plaintiffs' complaint for lack of subject matter jurisdiction. In its dismissal, the trial court also noted "that the case was filed in the improper venue . . . [and] should have initially been filed in Kane County," not Salt Lake County. Plaintiffs appeal the trial court's dismissal.

## ISSUE AND STANDARD OF REVIEW

¶3     Plaintiffs argue that the trial court erred in dismissing their case for lack of subject matter jurisdiction instead of staying the case while awaiting resolution of the proceeding before the Board.[3] "We review the district courts' dismissals for lack of subject matter jurisdiction for correctness and accord no deference to their legal conclusions." *Strawberry Water Users Ass'n v. Bureau of Reclamation* (*In re Uintah Basin*), 2006 UT 19, ¶ 7, 133 P.3d 410.

## ANALYSIS

---

[2](...continued)
Hospital on August 11, 2009; Plaintiffs filed their complaint on December 16, 2009; and Plaintiffs' motion to intervene in the administrative proceeding was granted by the Board as to Ramsay and Smalling, and denied as to their proposed class, on August 18, 2010.

[3]Plaintiffs also argue that the trial court's determination that the case was filed in the wrong venue is erroneous. Because of the manner in which we rule on Plaintiffs' subject matter jurisdiction argument, we do not reach this argument. Rather, we note that on remand and after completion of the administrative proceedings, venue may need to be reconsidered, with the relevant statutory provisions taken into consideration, *see, e.g.*, Utah Code Ann. §§ 78B-3-307 to -309 (2008); Utah Code Ann. § 63G-7-502 (2011).

¶4	Plaintiffs argue that the trial court incorrectly dismissed their case for failure to exhaust administrative remedies in accordance with Utah Code section 49-11-613, *see* Utah Code Ann. § 49-11-613 (Supp. 2011) (governing appeals procedures under the Act), and the Utah Administrative Procedures Act (the UAPA). The Utah State Retirement and Insurance Benefit Act provides that "any dispute regarding a benefit, right, obligation, or employer right under this title is subject to the procedures provided under this section," which requires "[a] person who disputes a benefit, right, obligation, or employment right . . . [to] request a ruling by the executive director [of the Board]," that can then be appealed to a hearing officer. *See id.* § 49-11-613(1)(b)-(d). The hearing officer's review shall comply with the "procedures and requirements" of the UAPA, and "[t]he [B]oard shall review and approve or deny all decisions of the hearing officer." *Id.* § 49-11-613(2)(b), (3). "A party may file an application for reconsideration by the [B]oard" based on various grounds and can obtain judicial review of that decision in accordance with the UAPA. *Id.* § 49-11-613(7). Under the UAPA, "[a] party may seek judicial review only after exhausting all administrative remedies available, except [when] . . . (i) the administrative remedies are inadequate; or (ii) exhaustion of remedies would result in irreparable harm disproportionate to the public benefit derived from requiring exhaustion." Utah Code Ann. § 63G-4-401(2), (2)(b)(i)-(ii) (2011).

¶5	The UAPA's requirement that a party seeking review of an administrative decision must first exhaust all available administrative remedies is a matter of subject matter jurisdiction. *See Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶ 14, 34 P.3d 180 ("As a general rule, parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review." (internal quotation marks omitted)); *Republic Outdoor Adver., LC v. Utah Dep't of Transp.*, 2011 UT App 198, ¶ 30, 258 P.3d 619 (upholding the trial court's determination that the plaintiff's "failure to exhaust its administrative remedies left the [trial] court without subject matter jurisdiction to review" the plaintiff's claims). "Subject matter jurisdiction is the power and authority of the court to determine a controversy and without which it cannot proceed. If a court acts beyond its authority those acts are null and void." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989) (citation and internal quotation marks omitted). Accordingly, "subject matter jurisdiction cannot be waived," *Chen v. Stewart*, 2004 UT 82, ¶ 34, 100 P.3d 1177, and when a court determines that "a matter is outside the court's jurisdiction it retains only the authority to dismiss the action," *Varian-Eimac*, 767 P.2d at 570.

¶6	Here, the trial court determined that it did not have subject matter jurisdiction over any of Plaintiffs' claims against any of the defendants in light of the ongoing

administrative proceeding initiated by URS against the Hospital, which Ramsay and Smalling joined. However, Plaintiffs contend that "the scope of the URS action before the [B]oard . . . is limited under . . . the Act and under the terms of [URS's] Notice of Board Action." They argue that the administrative proceeding is merely "a collection proceeding against [the Hospital that] . . . does not attempt to obtain anything but a ruling . . . that [the Hospital] was required to fund its employees' retirement benefits at the minimum levels outlined in the Act." Plaintiffs note that URS does not "attempt to bring claims based on contract, tort or breach of fiduciary duty nor does URS purport to represent the interests of Ramsay, Smalling or any other employee of [the Hospital] *per se*." Additionally, Plaintiffs point out that "Johnson and John Hancock are not parties to the [administrative proceeding]." In other words, Plaintiffs argue that "[a]t least some of the causes of action in this case . . . fall outside the scope of the Act" and therefore outside the scope of the administrative proceeding. As a result, Plaintiffs contend that "the district court, and only the district court, has jurisdiction over those claims."

¶7     We agree with Plaintiffs' argument that "[a]t least some of the causes of action in this case . . . fall outside the scope of the Act" and therefore should not have been dismissed for lack of subject matter jurisdiction. While each of the claims alleged in Plaintiffs' complaint will be affected by the outcome of the administrative proceeding irrespective of the result, the decision from that proceeding will not and cannot resolve all of the claims contained in the complaint. Accordingly, the trial court erred when it dismissed Plaintiffs' complaint outright on jurisdictional grounds. Moreover, under the unique facts and circumstances of this case, the scope and nature of most of the claims that should have survived dismissal cannot be determined until the administrative remedies are exhausted. We therefore do not attempt to identify which specific claims should have survived dismissal and which were properly dismissed.

¶8     We conclude that to the extent Plaintiffs' complaint raises issues "regarding a benefit, right, obligation, or employment right under" the Act, *see* Utah Code Ann. § 49-11-613(1)(b), Plaintiffs must first exhaust their administrative remedies before seeking judicial review. *See Patterson v. American Fork City*, 2003 UT 7, ¶ 17, 67 P.3d 466 ("Where the legislature has imposed a specific exhaustion requirement . . . , [courts] will enforce it strictly."). Thus, those claims were properly dismissed. *See generally Varian-Eimac*, 767 P.2d at 570 ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action."). Conversely, to the extent Plaintiffs' claims do not fall under the Act, the trial court's dismissal for lack of subject matter jurisdiction is reversed. Nevertheless, because those claims may be affected by the outcome of the administrative proceeding, we instruct the trial court to stay its proceedings until the completion of the administrative hearing. We do not rule on the Plaintiffs' challenge to

the trial court's venue determination and, instead, invite the trial court to revisit the venue issue, along with Plaintiffs' remaining claims, once the administrative proceeding is complete.

CONCLUSION

¶9     The trial court correctly dismissed those of Plaintiffs' claims that fell under the ambit of the Act for lack of subject matter jurisdiction in light of Plaintiffs' failure to first exhaust their administrative remedies before seeking judicial review.  However, the trial court incorrectly dismissed those of Plaintiffs' claims that do not fall within the ambit of the Act.  Consequently, we affirm in part and reverse and remand in part, with instructions for the trial court to stay the proceedings as to the claims that do not fall under the Act, which can only be identified at the close of the administrative proceeding.

_____
James Z. Davis, Judge

-----

¶10     I CONCUR:

_____
William A. Thorne Jr., Judge

-----

¶11     I CONCUR IN THE RESULT:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge