**322 P.3d 1163**

*This opinion is subject to revision before
publication in the Pacific Reporter*

**2014 UT 5**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

LORI RAMSAY and DAN SMALLING,
*Respondents,*

*v.*

KANE COUNTY HUMAN RESOURCE SPECIAL SERVICE DISTRICT,
UTAH STATE RETIREMENT SYSTEM, JOHN HANCOCK LIFE
INSURANCE COMPANY, and DEAN JOHNSON,
*Petitioners.*

No. 20120349
Filed February 25, 2014

On Certiorari to the Utah Court of Appeals

Third District, Salt Lake
The Honorable L. A. Dever
No. 090921344

Brian S. King, Salt Lake City, for respondents

Timothy C. Houpt, Mark D. Tolman, Chayce David Clark,
Salt Lake City, for petitioner Kane County
Human Resource Special Service District

David B. Hansen, Liza J. Eves, Erin L. Gill, Salt Lake City,
for petitioner Utah State Retirement System

H. Joseph Escher III, San Francisco, CA,
Thomas R. Barton, Florence M. Vincent, Salt Lake City,
for petitioner John Hancock Life Insurance Company

ASSOCIATE CHIEF JUSTICE NEHRING authored the opinion of the
Court, in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM,
JUSTICE PARRISH, and JUSTICE LEE joined.

ASSOCIATE CHIEF JUSTICE NEHRING, opinion of the Court:

## INTRODUCTION

¶ 1  Plaintiffs Lori Ramsay and Dan Smalling sued various parties based on the alleged failure of their employer, Kane County Hospital, to fund their retirement benefits at the level required by the Utah State Retirement and Insurance Benefit Act.  The district court dismissed Plaintiffs' claims for lack of jurisdiction because Plaintiffs conceded they had not exhausted their administrative remedies.  The court of appeals reversed the dismissal and ordered that the case be stayed pending resolution of the existing administrative action against Kane County Hospital because the court determined it could not ascertain which claims were subject to the exhaustion requirement until the pending administrative action was resolved.  We reverse the court of appeals and affirm the district court, finding that all of Plaintiffs' claims fall within the scope of the Retirement Act and none of the exceptions to exhaustion apply.  Therefore we lack jurisdiction over Plaintiffs' claims based on their failure to exhaust their administrative remedies.

## BACKGROUND

¶ 2  The Utah Legislature adopted the Utah State Retirement and Insurance Benefit Act (Retirement Act or Act), found in title 49 of the Utah Code, in order to provide a comprehensive system of retirement and health insurance benefits to state and local public employees throughout the State of Utah.[1]  In order to administer the program in a uniform and consistent manner, the legislature created an administrative office charged with administering the Act—the Utah State Retirement Office, also known as Utah Retirement Systems (URS)—and a governing body—the Utah State Retirement Board (Retirement Board).[2]  In 1993, the Kane County Human Resource Special Service District, operator of Kane County Hospital (Hospital), established a private 401(k) retirement plan for its employees.   Plaintiffs Lori Ramsay and Dan Smalling are employees of the Hospital.  Plaintiffs complained to URS that the Hospital failed to adequately fund their retirement benefits as required by the Act.  In August 2009, URS initiated an administrative proceeding before the Retirement Board, pursuant to the Act, seeking recovery of unpaid benefit

---

[1] *See* UTAH CODE § 49-11-103.

[2] *See id.* § 49-11-201 to -202.

contributions for Hospital employees. In 2010, Ms. Ramsay and Mr. Smalling intervened in the agency action against the Hospital.

¶ 3   In addition to intervening in the agency action, Ms. Ramsay and Mr. Smalling filed a separate class action complaint in Third District Court, naming the Kane County Human Resource Special Service District (as operator of the Hospital); URS; Dean Johnson, the insurance agent who advised the Hospital on the 401(k) plan; and John Hancock Life Insurance Company (John Hancock), the investment agent for the Hospital's private 401(k) plan. In the complaint, Ms. Ramsay and Mr. Smalling alleged breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, and a right to declaratory and injunctive relief against each of the defendants. The relief requested by Plaintiffs is "the defined benefits to which they were entitled under the Act" and consequential damages flowing from the failure to provide the required benefits, including attorney fees and costs.

¶ 4   Defendants sought to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction because Plaintiffs had failed to exhaust their administrative remedies pursuant to the Retirement Act and the Utah Administrative Procedures Act (UAPA). Defendants' motion to dismiss also presented alternate bases for dismissal and asserted improper venue. The district court reasoned that it was required to confront the jurisdictional issue before addressing the merits of the motion. The court concluded it lacked jurisdiction because Plaintiffs failed to exhaust their administrative remedies under UAPA and dismissed the complaint. The district court did not reach Plaintiffs' remaining contentions, except to opine that the case was filed in the improper venue and should have been filed in Kane County.

¶ 5   Ms. Ramsay and Mr. Smalling appealed. They asserted that the district court should have stayed, rather than dismissed, the complaint. Defendants responded, arguing that (1) the Retirement Act separately preempted the complaint, (2) Ms. Ramsay and Mr. Smalling had not preserved arguments that their contract claims and request for declaratory relief were beyond the scope of the Retirement Act, and (3) the tort claims against the Hospital were separately barred by the economic loss doctrine. The court of appeals reversed.[3]   The court acknowledged that UAPA deprives a court of subject matter jurisdiction in any action for which

---

[3] *Ramsay v. Kane Cnty. Human Res. Special Serv. Dist.*, 2012 UT App 97, ¶ 9, 276 P.3d 1174.

administrative remedies are available but have not been exhausted.[4] But, reasoning that the scope of the URS proceeding before the Retirement Board was narrower than the action in the district court, the court of appeals accepted Plaintiffs' contention that "some of the causes of action" fell outside the scope of the Retirement Act.[5] However, the court of appeals did not identify which claims were outside the scope of the Retirement Act because it found that "under the unique facts and circumstances of this case, the scope and nature of most of the claims that should have survived dismissal cannot be determined until the administrative remedies are exhausted."[6] The court of appeals also reasoned that "each of the claims . . . will be affected by the outcome of the administrative proceeding irrespective of the result."[7] Thus, according to the court, while certain claims were properly subject to dismissal, the impossibility of ascertaining their scope required a stay of the action pending the outcome of the administrative proceedings.[8] The court of appeals did not address the merits of Defendants' alternative arguments.

¶ 6 Defendants then petitioned for a writ of certiorari, which we granted. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(a).

**STANDARD OF REVIEW**

¶ 7 "On certiorari, we review for correctness the decision of the court of appeals, not the decision of the trial court."[9] "Where this correctness review requires us to examine statutory language, we look to the plain meaning of the statute first and go no further unless it is ambiguous."[10]

---

[4] *Id.* ¶ 4.

[5] *Id.* ¶¶ 6–7 (first alteration in original).

[6] *Id.* ¶ 7.

[7] *Id.*

[8] *Id.* ¶ 8.

[9] *State v. Levin*, 2006 UT 50, ¶ 15, 144 P.3d 1096.

[10] *Hous. Auth. v. Snyder*, 2002 UT 28, ¶ 10, 44 P.3d 724.

## ANALYSIS

### I. PLAINTIFFS' CLAIMS FALL WITHIN THE SCOPE OF THE RETIREMENT ACT AND ARE THEREFORE SUBJECT TO THE EXHAUSTION REQUIREMENT

¶ 8   On certiorari, Defendants argue the court of appeals erred when it overturned the district court's dismissal.  As both the district court and the court of appeals properly determined, the requirement that a party exhaust administrative remedies before seeking judicial review is a matter of subject matter jurisdiction.  Subject matter jurisdiction is required for any court, including this court, to have the "authority to address the merits of a particular case."[11]   "[B]ecause it is a threshold issue, we address jurisdictional questions before resolving other claims."[12]

¶ 9   District courts in this state "have original jurisdiction in all matters except as limited by [the] constitution or by statute."[13]  By statute, district courts are courts of general jurisdiction,[14] and a "district court has subject matter jurisdiction over a legal claim unless adjudicative authority for that claim is specifically delegated to an administrative agency."[15]  If such authority has been delegated, then under the UAPA, a party seeking relief must exhaust "all administrative remedies available" before seeking judicial review.[16]   "The basic purpose underlying the doctrine of exhaustion of administrative remedies is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."[17]   In order to determine whether adjudicative authority has been delegated, we look to the plain language of the applicable statute, in this case, the Retirement Act.

¶ 10 Utah Code section 49-11-613 provides the pertinent language regarding the scope of the Retirement Act.  Subsection 613(1)(b) defines the scope of the Act in expansive terms.  It requires that "any dispute

---

[11] *Hous. Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724.

[12] *Id.*

[13] UTAH CONST. art. VIII, § 5.

[14] UTAH CODE § 78A-5-101(1).

[15] *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 33, 221 P.3d 194.

[16] UTAH CODE § 63G-4-401(2).

[17] *Maverik Country Stores, Inc. v. Indus. Comm'n*, 860 P.2d 944, 947 (Utah Ct. App. 1993) (internal quotation marks omitted).

regarding a benefit, right, obligation, or employment right under this title is subject to the procedures provided under this section."[18] Section 613 goes on to say that "[a] person who disputes a benefit, right, obligation, or employment right under this title *shall* request a ruling by the executive director"[19]—the first step in the administrative relief procedure outlined by the Act. On its face, this language is both broad and mandatory.

¶ 11 Plaintiffs argue for a narrower reading of the statute. They urge that additional language from section 613 "suggests that only 'members, retirees, participants, alternative payees, or covered individuals of a system, plan, or program' under the Act are subject to the authority of the Board." Plaintiffs glean this "suggestion" from the portion of section 613 which in 2009 read, "All members, retirees, participants, alternative payees, or covered individuals of a system, plan, or program under this title shall acquaint themselves with their rights and obligations under this title."[20] We disagree that this language narrows the scope of the Act. This section cannot serve to limit the authority of the Retirement Board to those listed categories because it is undisputed that the Retirement Board has always had authority to bring an action against an employer under the Act, as it did against the Hospital, even though "employer" was not always listed in section 613(1)(a).[21] Having further reviewed the Act, we find no language that narrows its scope to something less than "any dispute regarding a benefit, right, obligation, or employment right" under title 49. Nor do we find any language that would limit the scope of the Act to claims only against particular defendants. In sum, the Act is both broad in encompassing all claims and mandatory in requiring compliance with administrative procedures. Having interpreted the scope of the Act, we must now determine whether Plaintiffs assert any claims that are not a "dispute regarding a benefit, right, obligation, or employment right under" title 49.

---

[18] UTAH CODE § 49-11-613(1)(b).

[19] *Id*. § 49-11-613(1)(c) (emphasis added).

[20] *Id*. § 49-11-613(1)(a) (2009). *See* note 21, *infra*.

[21] Section 613(1)(a) was amended in 2011 to add "employer, participating employer, and covered employer" to the list of those required to "inform themselves of their rights and obligations under" title 49. 2011 Utah Laws 3052. The claims in this case arose prior to these amendments and we decline to decide what impact, if any, those changes had on the scope of the Act, as this does not affect our analysis.

¶ 12 Plaintiffs' complaint includes breach of contract, breach of fiduciary duty, negligence, and declaratory and injunctive relief claims against the Hospital, URS, Dean Johnson, and John Hancock. Plaintiffs concede that all of their claims turn on whether the Hospital provided its employees with the appropriate amount of benefits required by the Act.

¶ 13 Based on the complaint, we conclude that all of Plaintiffs' claims fall within the scope of the Act, and therefore UAPA's exhaustion requirement governs each. Plaintiffs argued below that Mr. Johnson and John Hancock were not parties to the administrative proceeding, and that therefore those claims must be outside the scope of the Act.[22] This is not relevant. Whether a claim is within the scope of the Retirement Act does not turn on whether URS has addressed the claim Plaintiffs seek to bring, but rather whether the Retirement Act requires Plaintiffs to bring their claims before the Retirement Board. In this case, Plaintiffs joined an existing administrative action against the Hospital, and they now complain that not all of the parties and claims are in that action. Plaintiffs' remedy is to add or join those parties or claims, or file a separate administrative action. Their remedy is not a conclusion that those claims are outside the scope of the Act. Thus, we conclude that exhaustion is required for all of Plaintiffs' claims and turn to Plaintiffs' argument that they should be excused from the exhaustion requirement.

## II. PLAINTIFFS' CLAIMS DO NOT FIT THE UNUSUAL CIRCUMSTANCES WHERE EXHAUSTION MAY BE EXCUSED

¶ 14 Under limited circumstances, a party may be relieved of the requirements of exhaustion.[23] Under UAPA, a "court may relieve a party seeking judicial review of the requirement to exhaust any or all administrative remedies if: (i) the administrative remedies are inadequate; or (ii) exhaustion of remedies would result in irreparable harm disproportionate to the public benefit derived from requiring exhaustion."[24] Additionally, exhaustion is not required where (iii) "exhaustion would serve no purpose, or is futile," or (iv) "an

---

[22] *Ramsay v. Kane Cnty. Human Res. Special Serv. Dist.*, 2012 UT App 97, ¶ 6, 276 P.3d 1174.

[23] *Salt Lake City Mission v. Salt Lake City*, 2008 UT 31, ¶ 11, 184 P.3d 599 ("We have previously noted a number of exceptions to the exhaustion requirement in unusual circumstances." (internal quotation marks omitted)).

[24] UTAH CODE § 63G-4-401(2)(b).

administrative agency or officer has acted outside the scope of its defined, statutory authority."[25]  Although the parties characterize the court of appeals' decision as having excused Plaintiffs from the exhaustion requirement, we disagree with that interpretation.  Nowhere did the court of appeals make any findings or determination that would excuse exhaustion under the recognized exceptions.  The court of appeals merely determined that it was unable to ascertain which claims should have been exhausted, and therefore that the action should be stayed pending resolution of the administrative proceeding.  However, Plaintiffs argue before us that they should be excused from exhaustion.  The argument was preserved below, so we address it here.  Plaintiffs argue that both of the statutory exceptions to exhaustion apply.

### A.  Plaintiffs Have Failed to Meet Their Burden to Show That Administrative Remedies Are Inadequate

¶ 15 Plaintiffs first argue that they should be excused from exhaustion because the administrative remedies are inadequate to address (1) their request for consequential damages, (2) their attempt to represent a class, and (3) their claims against third parties.  Our jurisprudence provides little guidance about the standard for what makes a remedy inadequate in a manner that would render exhaustion unnecessary.  Plaintiffs do not argue that monetary damages are inadequate in a manner that might be likened to the standard of inadequacy for an injunction.[26]  Rather, Plaintiffs' argument is that the Retirement Board cannot award them all of the monetary damages they are seeking.  We agree with URS that the guiding inquiry for adequacy of the remedy is whether the party can be made whole by the administrative remedies available.[27]  In this case,

---

[25] *Salt Lake City Mission*, 2008 UT 31, ¶ 11.

[26] In the context of an injunction, a "legal remedy is inadequate when [a party] is unlikely to be made whole by an award of monetary damages or some other legal . . . remedy[.]" *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 23, 221 P.3d 194 (first and second alterations in original) (internal quotation marks omitted).

[27] *See Huang v. N.C. State Univ.*, 421 S.E.2d 812, 815–16 (N.C. Ct. App. 1992) ("The remedy is considered inadequate unless it is calculated to give relief more or less commensurate with the claim.  For example, if a party seeks monetary damages and the agency is powerless to grant such relief, the administrative remedy is inadequate." (citation omitted) (internal quotation marks omitted)).

Plaintiffs concede that nothing in the Retirement Act prevents the Retirement Board from granting their request for consequential damages. And although Defendants candidly conceded at oral argument that it is unlikely that the Board would award consequential damages, "the mere possibility that an administrative agency may deny a party the specific relief requested is [not] a ground for an exception to the exhaustion requirement."[28] As to Plaintiffs' attempt to proceed as a class in the administrative action, we find nothing in the Act that limits their ability to proceed as a class. Moreover, Plaintiffs have made no attempt to show why proceeding as a class is necessary for them to recover for their own injury. And finally, as explained above, we find no language in the Act that would preclude Plaintiffs from using the procedures set forth in the Act to pursue their claims against third parties in an administrative action before the Retirement Board. In sum, Plaintiffs have failed to meet their burden to establish that the available administrative remedies will be inadequate to redress their alleged injury.[29]

### B. Plaintiffs Have Failed to Establish That They Will Suffer Irreparable Harm by the Exhaustion Requirement

¶ 16 Plaintiffs assert that requiring them to exhaust their administrative remedies will cause them to suffer irreparable harm—specifically, that by the time the administrative proceeding is concluded, the statute of limitations will have run, extinguishing their cause of action. Defendants' position is that the statute of limitations had already run on Plaintiffs' claims as of the filing of the complaint. While we express no opinion about the merits of defenses that may be available to defendants in any forum, we note that defendants conceded at oral argument that the filing of the complaint in this case tolled the limitations period during the pendency of this action and that the savings statute, Utah Code section 78B-2-111, would apply here. Because the requirement to exhaust administrative remedies will have no bearing on timing for the purpose of the statute of limitations, Plaintiffs claim that they will be irreparably injured by the requirement of exhaustion fails.

¶ 17 Because Plaintiffs' claims were subject to the exhaustion requirement under Utah Code section 63G-4-401, none of the exceptions to

---

[28] *Hous. Auth. v. Papandrea*, 610 A.2d 637, 642 (Conn. 1992) (internal quotation marks omitted).

[29] *See Huang*, 421 S.E.2d at 815 ("The burden of showing the inadequacy of the administrative remedy is on the party claiming the inadequacy[.]").

exhaustion apply, and Plaintiffs failed to exhaust their administrative remedies, we lack subject matter jurisdiction over Plaintiffs' claims. Therefore, we cannot reach the merits of Defendants' remaining arguments to affirm dismissal on alternate grounds because when a court determines it lacks subject matter jurisdiction, it "retains only the authority to dismiss the action."[30]  We reverse the court of appeals and reinstate the judgment of the district court dismissing Plaintiffs' complaint for lack of subject matter jurisdiction.

## CONCLUSION

¶ 18 All of the claims asserted in Plaintiffs' complaint fall within the scope of the Retirement Act, which covers "any dispute regarding a benefit, right, obligation, or employment right under" title 49.  Plaintiffs failed to meet their burden to establish that they should be excused from exhaustion in this case, and Plaintiffs concede they did not exhaust their administrative remedies.  We therefore lack jurisdiction over Plaintiffs' claims.  We reverse the court of appeals and affirm the district court's dismissal of Plaintiffs' complaint for lack of jurisdiction.

---

[30] *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).