Ernest G. CLARK and Verda G. Clark,
Plaintiffs and Appellees,

v.

Marian E. BOOTH, Trustee, Royal K. Hunt, Mauri B. Myers, Keith L. Gurr, Keith Richins Waldron, Associates Financial, The Lockhart Company, et al., Defendants and Appellants.

Nos. 880109, 880486 and 890046.

Supreme Court of Utah.

Aug. 30, 1991.

Rehearing Denied Jan. 7, 1992.

M. Douglas Bayly, L. Rich Humphreys, Salt Lake City, for Clarks.

Royal K. Hunt, West Jordan, for Meyers and Booth.

Joseph H. Bottum, Salt Lake City, for Hunt and Booth.

HOWE, Associate Chief Justice:

Before us are three appeals taken from a decree of foreclosure and from a judgment of sanctions. Upon motion and stipulation of the parties, we consolidated the appeals for hearing and decision. Defendants Marian E. Booth, trustee, and her attorney Royal K. Hunt appeal from the decree of foreclosure and from a judgment of sanctions imposed against them pursuant to rule 11 of the Utah Rules of Civil Procedure.

In 1974, under a uniform real estate contract, plaintiffs Ernest G. and Verda G. Clark sold a tract of real property in Salt Lake County on which two homes were located. By June 1, 1986, the contract was in default. The unpaid balance was just over $7,000, and the value of the property was in excess of $50,000. On December 1, 1986, Clarks initiated this foreclosure suit pursuant to paragraph 16C of the contract. At that time, there were only two interest holders of record other than Clarks: Keith L. Gurr, the owner of the vendee's interest in the contract, and The Lockhart Co., which held a security interest in the vendee's interest. Booth, who owned the vendee's interest in the property prior to Gurr, along with other parties who potentially encumbered the title, was served with a summons and complaint.

On February 26, 1987, Booth counterclaimed against Clarks, alleging that they had unlawfully entered the property in November 1986. A timely reply to the counterclaim was not filed, and on April 1, Booth took a default judgment against Clarks for $7,530. On April 30, for no consideration, Booth assigned the judgment to Mauri B. Myers, who was then the owner of the vendee's interest in the contract, having taken an assignment from Gurr. Clarks were given notice of neither the assignment nor the default judgment.

In the meantime, Clarks discovered that there were errors in their original title report and that, in fact, many additional parties encumbered the title. In July 1987, Clarks obtained a second foreclosure report, which revealed that Booth had not only taken a default judgment on her counterclaim against them, but was in the process of executing on Clarks' interest in the property. An execution sale was scheduled in two weeks. The trial court granted Clarks' motion on August 7 for an order staying the execution of judgment and setting aside the default judgment pursuant to subsections (1) and (3) of rule 60(b) of the Utah Rules of Civil Procedure.

In November, Clarks moved for summary judgment on Booth's counterclaim, based on evidence obtained from the depositions of Richard L. Booth and Marian E. Booth. The depositions revealed that Booth had quitclaimed the property to Gurr on May 30, 1986, and that Gurr had quitclaimed his interest to Myers on July 1, 1986, prior to the alleged unlawful entry complained of in the counterclaim. However, the deed to Myers was not recorded until April 1, 1987.

Simultaneously with their motion for summary judgment on the Booth counterclaim, Clarks moved for summary judgment on their complaint for a decree of foreclosure, which they had amended to include additional defendants, including Myers. Neither Booth nor Myers filed anything in opposition to either motion. The court granted both motions in November 1987, finding "that the counterclaimant [Booth] had no interest in the property

during all material times alleged in the counterclaim and the counterclaim is therefore without merit and groundless" in light of the quitclaim deed to Gurr. Clarks were awarded, under paragraph 21 of the contract, their costs and attorney fees incurred in the foreclosure action.

On December 10, Clarks moved for rule 11 sanctions against Booth and Hunt, and the motion was granted. The court found that the filing of the counterclaim was a violation of rule 11:

> Royal K. Hunt filed said counterclaim in violation of his duties under Rule 11, Utah Rules of Civil Procedure and ... his actions thereafter were in violation of his duties to the court and opposing counsel. Sanctions should therefore be awarded against Royal K. Hunt in the amount of attorney's fees and costs incurred by plaintiffs in the defense of said counterclaim.

On December 22, 1987, after the decree of foreclosure had been granted but prior to its signing and entry, Associates Financial Services of Utah, successor in interest to The Lockhart Company, assigned its rights under its trust deed to Hunt. Hunt personally became a party to the action on February 29, 1988, as a successor in interest to Associates. On February 1, 1988, the court entered the decree of foreclosure, and the sheriff's sale was held May 17, 1988. The principal sum owing was in excess of $7,000, and the total costs, fees, and expenses exceeded an additional $12,500. No one objected to the sale, at which only Clarks appeared. Their bid covered the principal balance and all costs, fees, and expenses.

■ Booth and Hunt bring these appeals, contending first that the trial court erred in setting aside the default judgment against Clarks on Booth's counterclaim because Clarks did not bring their motion within three months after entry of the judgment, as required by rule 60(b)(1) and (3), Utah Rules of Civil Procedure. A short answer to this contention is that Booth and Hunt lack standing to raise this issue. After obtaining the default judgment, Booth assigned it to Myers. At the hearing on plaintiffs' motion to set aside the default judgment, Booth, through her attorney Hunt, called the trial court's attention to the fact that Myers, who was the owner of the judgment, had not been given notice of the hearing. Clarks accordingly moved to permit Myers to be heard at a later date. Notice of the subsequent hearing was given Myers, but neither he nor Hunt appeared at that time. The motion to set aside the default judgment was granted. Myers has not raised any objection to the trial court's action in the appeals before us. Neither Booth nor Hunt can now be heard to assail the trial court's action.

■ Appellants next contend that the foreclosure sale was invalid because the trial court had not entered a final judgment upon which a sale could be taken. They point to the fact that the judgment of sanctions against them was not signed by the trial court until January 4, 1989. The decree of foreclosure was entered on February 1, 1988, the order of sale was entered on April 15, 1988, and the sheriff's sale was held on May 17, 1988, all before the judgment of sanctions was entered.

■ Sanctions were imposed against appellants by means of a judgment separate and apart from the decree of foreclosure. Sanctions are imposed under rule 11 as a disciplinary or punitive measure for unacceptable conduct and may be assessed at any time during the course of a judicial proceeding. Their imposition in no way arises out of the real estate contract which was being foreclosed and has no relationship to the disposition of the case on its merits. For these reasons, the fact that the judgment for sanctions was entered after the decree of foreclosure did not in any way make that decree not final when it was entered.

Appellants argue, however, that we have already decided that the decree of foreclosure was not final when in September 1988, we dismissed the appeal in case No. 880109 because it had been taken from a nonfinal judgment, that is, the decree of foreclosure. Our dismissal of that appeal should not be so interpreted. Hunt, as

attorney for several defendants, indicated in both his notice of appeal and his docketing statement filed with this court that he was seeking review of, among other things, the propriety of the imposition of sanctions. In a letter to this court dated July 11, 1988, Hunt raised a concern that a final judgment imposing sanctions had not yet been formally entered by the trial court. He sought "a determination of the finality of the judgments and orders appealed." We responded by dismissing the appeal because it had been taken from a nonfinal judgment. In so doing, we did not intend to cast any cloud of nonfinality upon the decree of foreclosure, but focused only on the sanctions which at that time had been imposed but not reduced to a written judgment. After the written judgment of sanctions was signed by the court on January 4, 1989, we reinstated the appeal, and it was consolidated with subsequent appeals filed by appellants on December 12, 1988, and February 3, 1989.

■ Appellants next assail the decree of foreclosure because the award of attorney fees made therein is excessive and unreasonable. They also object to the award of late fees, unpaid taxes, foreclosure report charges, and cleaning, painting, and repair expenses. We are unable to review this contention because Hunt did not become a party to this action until after the decree of foreclosure which awarded the fees and charges had been entered. He became a party by virtue of an assignment to him from Associates. Associates had raised no objection to the award of these fees and expenses except late fees. However, an amendment to the contract clearly gave Clarks entitlement to them. Hunt cannot now be heard to challenge on appeal charges which his assignor did not object to in the trial court.

■ Likewise, Booth lacks standing to challenge these fees and expenses. Booth quitclaimed her interest in the real estate contract to Gurr on May 30, 1986, over a year before the decree of foreclosure was entered on February 1, 1988. No deficiency judgment against her or any other defendant was entered.

■ Lastly, appellants contend that the trial court erred in imposing sanctions on them under rule 11, Utah Rules of Civil Procedure. That rule states in relevant part:

> The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This rule, like rule 11 of the Federal Rules of Civil Procedure, which it virtually mirrors, "emphasizes an attorney's public duty as an officer of the court, as opposed to the attorney's private duty to represent a client's interest zealously." *See* N. Klausner, *The Dynamics of Rule 11: Preventing Frivolous Litigation by Demanding Professional Responsibility*, 61 N.Y.U.L. Rev. 300, 301 (1986) (in re Fed. R.Civ.P. 11).

Sanctions were imposed because the trial court found that Booth's counterclaim, which she filed against Clarks, lacked merit and was filed in bad faith because Booth had quitclaimed her interest in the property and contract to Gurr on May 30, 1986, months before the alleged unlawful entry by Clarks in November 1986. In a written objection to plaintiffs' request for imposition of sanctions, Hunt asserted that although Booth quitclaimed her interest to Gurr by a deed dated May 30, 1986, it was without consideration and was done for the purpose of enabling Gurr to obtain a loan for her to be secured by Booth's equitable interest in the property. He further asserts that Booth retained the right to possession of the property and that when Clarks unlawfully entered upon it in November 1986, it was Booth's, not Gurr's, right of possession which was disturbed. Appellants further support this argument by pointing to the fact that the quitclaim

deed from Gurr to Myers, while dated July 1, 1986, was not recorded until April 1, 1987.

Apparently, the trial judge did not believe these assertions. No one testified in support of them. There were no affidavits filed to that effect. Hunt's written objection filed in the record was not verified and chiefly consisted of what Booth and Gurr had told him. While appellants' assertions may be true and accurate, the trial judge was not obligated to find the existence of the alleged oral agreement between Booth and Gurr. He had before him the depositions of Booth and her husband in which they stated under oath that Booth had no interest in the property or contract after July 1, 1986. Additionally, Booth did not make these assertions in opposition to Clarks' motion for summary judgment on her counterclaim. Under our standard of review, we cannot reverse a finding of fact made by the trial court unless it is "clearly erroneous." Utah R.Civ.P. 52(a). We do not find to be clearly erroneous the finding of fact that at the time of plaintiffs' alleged unlawful entry, Booth had no interest in the property. Therefore, we affirm the imposition of sanctions.

The judgment is affirmed, and the case is remanded to the trial court to fix reasonable attorney fee for the defense of this appeal by plaintiffs. These are recoverable under the provisions of the uniform real estate contract sued upon.

HALL, C.J., and STEWART, and DURHAM, JJ., concur.

ZIMMERMAN, J., concurs in the result.