2013 UT App 58

# THE UTAH COURT OF APPEALS

LIVINGSTON FINANCIAL, LLC,

*Plaintiff and Appellee,*

*v.*

CHARLES MIGLIORE,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120551-CA
Filed March 7, 2013

Third District, Tooele Department
The Honorable Robert Adkins
No. 090301264

Ronald Ady, Attorney for Appellant
Christopher J. Rogers, Attorney for Appellee

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1 Charles Migliore filed a notice of appeal in June 2012 from an order entered on January 14, 2010, an order entered on December 16, 2011, and an order entered on May 23, 2012, which awarded attorney fees to Plaintiff Livingston Financial, LLC (Livingston). Insofar as Migliore appeals the January 14, 2012 order and the December 16, 2011 order, we dismiss the appeal for lack of jurisdiction because the notice of appeal was untimely as to those orders. We have jurisdiction to consider an appeal from the order granting Livingston's Verified Motion for Attorney Fees, and we affirm that order.

¶2     The January 14, 2010 order granting Livingston summary judgment was final and appealable. Migliore did not file a timely appeal or a motion that would toll the time for appeal under rule 4(b) of the Utah Rules of Appellate Procedure. *See* Utah R. App. P. 4(b). A notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed." Utah R. App. P. 4(a). We lack jurisdiction to consider an appeal of the January 14, 2010 order.

¶3     In November 2011, Migliore filed a "renewed motion to set aside void judgment" (the renewed motion). The district court denied that motion in a December 16, 2011 ruling. A rule 60(b) motion does not toll the time for appeal from a final judgment under rule 4(b), but an order denying relief under rule 60(b) is an appealable order. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989) ("It is well settled under Utah law [that] an order denying relief under Rule 60(b) is a final appealable order."). Migliore did not file a timely notice of appeal from the final order denying the renewed motion, and we lack jurisdiction over an appeal of the December 2011 ruling. Migliore's contention that the order denying the renewed motion did not become final until entry of the award of attorney fees to Livingston on its subsequent motion is without merit. The December 2011 ruling fully resolved the motion then before the court and was final and appealable. Livingston sought its attorney fees in a subsequent motion to augment the 2010 judgment under rule 73 of the Utah Rules of Civil Procedure.

¶4     On January 3, 2012, Livingston filed its motion for attorney fees incurred in opposing Migliore's post-judgment actions, including multiple motions to set aside the judgment. The motion relied upon rule 73 and Utah Code section 78B-5-825. Utah Code section 78B-5-825(1) states, "In civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith . . . ." Utah Code Ann. § 78B-5-825(1) (LexisNexis 2012); *see also* Utah R. Civ. P. 73 (contain-

ing requirements for a request to augment a judgment with an award of attorney fees). We review a district court's grant of attorney fees under section 78B-5-825 as a mixed question of law and fact. *See Gallegos v. Lloyd*, 2008 UT App 40, ¶ 6, 178 P.3d 922. We review the district court's conclusion that an action is without merit for correctness. *See id.* We review the factual finding that an action was not brought or asserted in good faith under a clearly erroneous standard. *See id*.

¶5      In the December 16, 2011 ruling on the renewed motion, the district court ruled both that the motion was without merit and was frivolous. That reasoning was incorporated in the May 12, 2012 order granting Livingston attorney fees. In the December 2011 ruling, the district court reviewed the procedural history of the case, which was initiated in July 2009 to collect a credit card debt. Migliore filed a motion for more definite statement, which attached a copy of the summons and complaint he had received. In response to the motion for more definite statement, Livingston provided a copy of a recent bank statement. Migliore failed to respond to discovery, including requests for admission. The statements that were the subject of the requests were deemed admitted. After Livingston moved for summary judgment, Migliore filed an untimely opposing affidavit, asserting that he had tendered payment for the debt in July 2008, but he provided no evidentiary support. Migliore also moved to dismiss the complaint, claiming that he had not been served with the summons and complaint, despite having attached a copy of the summons and complaint to his earlier motion for more definite statement. In January 2010, the district court granted summary judgment and denied the motion to dismiss.

¶6      On January 22, 2010, Migliore filed a motion to reconsider seeking to set aside the judgment under rule 60(b)(1) of the Utah Rules of Civil Procedure, claiming that (1) he did not answer the complaint because he was waiting for a more definite statement and because he was committed to a mental hospital; (2) he did not respond to discovery because he forgot he had been served with

the summons and complaint; and (3) he failed to attend a January 4, 2010 pretrial conference because he misread the notice. At a hearing on his rule 60(b)(1) motion, Migliore claimed that the debt was not his. After Livingston produced numerous statements to verify the debt, the district court gave Migliore an opportunity to provide any proof that the debt was not his, and Migliore stated he had no proof to support that assertion. The district court denied the motion because Migliore had not demonstrated "mistake, inadvertence, surprise, or excusable neglect" under rule 60(b)(1). The court noted that Migliore did not contact the court to request a continuance based upon his alleged hospitalization.

¶7      In November 2011—approximately twenty-two months after entry of the summary judgment—Migliore's current counsel appeared and filed the renewed motion. The renewed motion claimed that the judgment was void because Migliore was deprived of notice, denied the right to oppose Livingston's claims, and denied a fair opportunity to submit evidence. The district court rejected the claims, first ruling that Migliore was not deprived of notice because he attached the summons and complaint to his own motion for a more definite statement. The district court ruled that Migliore also was not deprived of either the right to oppose Livingston's claims or a fair opportunity to submit evidence. Migliore failed to respond to discovery because he claimed to have forgotten that he was served with the summons and complaint. Nevertheless, the district court did not enter judgment as a discovery sanction or based upon default. Although he had claimed that the debt was not his, Migliore's affidavit opposing summary judgment claimed that he had paid the debt, but provided no proof. He failed to appear at the January 4, 2010 pretrial hearing, claiming he misread the notice. He was given another opportunity to present any evidence supporting his claim that the debt was not his at a hearing on his first rule 60(b) motion, but he conceded that he had no evidentiary support. The district court found that the renewed motion was without merit and denied the motion. The December 2011 ruling admonished Migliore for filing a "frivolous" renewed motion and ordered him

to show cause within twenty days of the ruling "why he should not be subject to sanctions pursuant to Rule 11(b)(1), (3)–(4)."

¶8 Livingston filed the verified motion seeking attorney fees based upon section 78B-5-825 on January 3, 2011. In response, Migliore reargued the claims from the renewed motion and failed to address section 78B-5-825 or acknowledge the district court's December 2011 ruling that the renewed motion was both without merit and frivolous. In the May 12, 2012 order awarding attorney fees, the district court found that Livingston prevailed in the matter; that the renewed motion to set aside the judgment was frivolous for the reasons stated in the December 2011 ruling; and that the renewed motion was brought to hinder and/or delay Livingston in collecting on the judgment. After finding that the affidavit of Livingston's counsel was sufficient and the fees sought were reasonable, the district court awarded Livingston $5,035 in attorney fees. Thus, the district court made the required findings to support an award under section 78B-5-825. *See Hermes Assocs. v. Park's Sportsman*, 813 P.2d 1221, 1225 (Utah Ct. App. 1991) (stating that the statute requires that the party seeking fees must prevail, the claim asserted by the opposing party must be without merit, and the claim must not be asserted in good faith).

¶9 We conclude that the district court's findings that Livingston was the prevailing party on the postjudgment motions to set aside the judgment and that those motions were without merit are both correct. *See Gallegos v. Lloyd*, 2008 UT App 40, ¶ 6, 178 P.3d 922 (stating that we review a finding that the action was without merit for correctness). We next consider whether the district court's ruling that the renewed motion was not asserted in good faith was clearly erroneous. *See id.*

> A party acts in bad faith when he brings an action and either (1) lacks an honest belief in the propriety of the activities in question, (2) intends to take unconscionable advantage of others, or (3) intends to or has

> knowledge of the fact that his actions will hinder, delay, or defraud others.

*Blum v. Dahl*, 2012 UT App 198, ¶ 9, 283 P.3d 963 (citations and internal quotation marks omitted). "A finding of bad faith is upheld when there is sufficient evidence in the record to support a finding that at least one of these three factors applies." *Id.* The district court found that the renewed motion was brought to hinder or delay Livingston's ability to collect on its judgment. Migliore filed the renewed motion almost two years after the entry of the summary judgment that he did not appeal. An obvious result of filing the renewed motion was to further delay Livingston's ongoing efforts to collect on the judgment. Under the circumstances, the district court's finding of bad faith was supported by sufficient evidence and is not clearly erroneous. Therefore, we affirm the May 12, 2012 order awarding attorney fees under section 78B-5-825.

¶10 In the December 2011 ruling, the district court also required Migliore to respond to an order to show cause why he should not be sanctioned under rule 11 of the Utah Rules of Civil Procedure for filing a frivolous renewed motion. In ruling on Migliore's objection to the proposed order on Livingston's motion for attorney fees, the district court clarified that it did not consider the order to show cause at the March 5, 2012 hearing. The court stated,

> Upon further consideration, the Court finds that the sum of $5,035.00 for Plaintiff's attorney fees is a sufficient sanction for Defendant's most recent motion to set aside. There will be no future order to show cause hearing or any other sanction against Defendant or counsel for Defendant regarding the most recent motion to set aside.

As Migliore successfully contended, the May 12, 2012 order did not include a ruling on the merits of the order to show cause. The December 2011 ruling also admonished Migliore and his counsel

for "their overly aggressive tactics in dealing with the Court and its personnel." Migliore and his counsel argue that the admonishment is itself a sanction that should be set aside on appeal, relying upon the court's reference to "any other sanction" in the above-quoted statement. The clear import of that language was that the district court deemed the attorney fees award to suffice as a sanction for filing the frivolous motion that was the subject of the order to show cause, so there was no need to impose an additional sanction under rule 11. It is not clear that the admonishment regarding interaction with court personnel was a subject of the order to show cause. However, because the order to show cause was not addressed in the May 12, 2012 order and was effectively withdrawn by the district court, and because we lack jurisdiction over an appeal of the December 2011 ruling, we conclude that this claim is beyond the scope of the appeal and we do not consider it.

¶11    We dismiss the appeal for lack of jurisdiction insofar as Migliore seeks to appeal the January 14, 2012 summary judgment and the December 16, 2011 ruling denying the renewed motion to set aside the judgment. We affirm the May 12, 2012 order awarding attorney fees to Livingston. Livingston seeks an award of attorney fees incurred on appeal. "When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Golden Meadows Prop., LC v. Strand*, 2010 UT App 258, ¶ 13, 241 P.3d 371. Accordingly, we award Livingston attorney fees and costs incurred on appeal and remand the case to the district court for determination of the amount of attorney fees and costs reasonably incurred on appeal.

––––––––––