*-This opinion is subject to revision before final
publication in the Pacific Reporter*

**2015 UT 9**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

CHARLES MIGLIORE,
*Petitioner,*

*v.*

LIVINGSTON FINANCIAL, LLC,
*Respondent.*

No. 20130337
Filed January 27, 2015

On Certiorari to the Utah Court of Appeals

Third District, Tooele Dep't
The Honorable Robert W. Adkins
No. 090301264

Attorneys:

Ronald Ady, Salt Lake City, for petitioner

Christopher J. Rogers, Salt Lake City, for respondent

JUSTICE PARRISH authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, and JUSTICE LEE joined.

JUSTICE PARRISH, opinion of the Court:

## INTRODUCTION

¶1 On certiorari, petitioner Charles Migliore argues that the court of appeals erred when it held that it lacked jurisdiction to consider his challenge to the district court's denial of his renewed rule 60(b) motion due to his failure to file a timely notice of appeal. Mr. Migliore also argues that the court of appeals erred in affirming the district court's award of attorney fees pursuant to section 78B-5-825 of the Utah Code.

¶2 We hold that the court of appeals erred when it concluded that it lacked jurisdiction to review the district court's denial of Mr. Migliore's renewed rule 60(b) motion. In the interest of judicial economy, we exercise our discretion to reach the merits of the claim

and hold that Mr. Migliore's renewed rule 60(b) motion was improper and without merit. We therefore reach the same result as the court of appeals. We also affirm the court of appeals' award of attorney fees pursuant to Utah Code section 78B-5-825.

## BACKGROUND

¶3    This case involves a debt collection action arising from a credit agreement between U.S. Bank and Mr. Migliore. In July 2009, Livingston Financial, LLC (Livingston), as assignee for U.S. Bank, brought suit against Mr. Migliore for breach of the credit agreement. The complaint also included a claim for reasonable attorney fees based on the contractual agreement generating the debt, or alternatively under Utah Rule of Civil Procedure 73. Mr. Migliore appeared pro se in the action, but did not file an answer to the complaint. Instead, Mr. Migliore responded with a motion for a more definite statement.

¶4    Thereafter, Livingston served its first discovery requests on Mr. Migliore. Mr. Migliore objected to each of Livingston's requests for admission and responded that he "lack[ed] the knowledge or information sufficient to admit or deny, therefore denie[d] the same." Livingston then moved for summary judgment on the basis that Mr. Migliore's failure to properly respond resulted in the requests being "deemed admitted" pursuant to rule 36 of the Utah Rules of Civil Procedure. *See* UTAH R. CIV. P. 36(a)(1) (2009).

¶5    The version of rule 36 in effect at the time stated that a "matter is admitted unless, within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." *Id.* 36(a)(2). Though Mr. Migliore had objected, in writing, to each of Livingston's requests, rule 36 also specified that a party could not "give lack of information or knowledge as a reason for failure to admit or deny unless he state[d] that he ha[d] made reasonable inquiry and that the information known or readily obtainable by him [was] insufficient to enable him to admit or deny." *Id.* Because Mr. Migliore had relied on a lack of knowledge, but had failed to specify that he had undertaken a reasonable inquiry, Livingston argued that he had not properly responded to its requests for admission. The district court agreed, deemed the requests admitted, and granted Livingston's motion for summary judgment. The district court's summary judgment order fully disposed of the issues before the court, including Livingston's request for attorney fees pursuant to rule 73 of the Utah Rules of Civil Procedure.

¶6 Mr. Migliore thereafter filed a motion to reconsider summary judgment and requested a hearing pursuant to rule 60(b) of the Utah Rules of Civil Procedure. Mr. Migliore asserted that he had failed to answer Livingston's summons and complaint because he was waiting for a response to his earlier motion for a more definite statement and because he had been committed to a mental hospital shortly after being served with the complaint. He further asserted that he had not properly responded to Livingston's discovery requests because he "had forgotten about the Summons and Complaint served months earlier" and had "made a mistake of assuming there had been no initial service." In his motion to reconsider, Mr. Migliore argued for the first time that the credit account at issue was not his. He asserted that the debt might belong to his father, who shares his same name, but he offered no evidence to support that assertion. Following briefing, the district court held a hearing and denied Mr. Migliore's motion to reconsider.

¶7 For nearly two years, the status of the case remained unchanged. Then Mr. Migliore filed through counsel a renewed motion to set aside void judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure. In his renewed motion, Mr. Migliore argued that the district court's summary judgment order was void because Mr. Migliore had been denied due process of law. Specifically, Mr. Migliore argued that he was denied notice and an opportunity (1) to respond to Livingston's complaint, (2) to respond to all of Livingston's arguments in favor of summary judgment, (3) to rectify the deficiencies in his responses to Livingston's requests for admission, and (4) to be heard on whether his discovery lapses were willful. Finally, Mr. Migliore argued that he had been denied due process because there was no evidence to support summary judgment in Livingston's favor.

¶8 The district court denied the renewed motion. Specifically, the district court noted that Mr. Migliore had failed to demonstrate why his renewed motion was timely under rule 60(b), which requires parties to file within a "reasonable time . . . after the judgment, order, or proceeding was entered." UTAH R. CIV. P. 60(b). The district court also noted that it reviewed the prior summary judgment proceedings and found that Mr. Migliore had received notice of Livingston's claims and had several opportunities to present evidence to counter those claims. The court ultimately concluded that Mr. Migliore had "failed to present any basis to preclude granting summary judgment in [Livingston's] favor" and denied the renewed rule 60(b) motion.

¶9   Not only did the district court find that the renewed motion was "without any merit," it admonished Mr. Migliore for filing it, characterizing it as "frivolous." Then, on its own initiative, the court issued an order to show cause as to why Mr. Migliore should not be subject to rule 11 sanctions. *See id.* 11(c). Finally, the court admonished both Mr. Migliore and his counsel for "their overly aggressive tactics in dealing with the Court and its personnel," referring to an altercation that occurred when Mr. Migliore and his counsel "verbally accosted" a clerk due to difficulties they were having with the court's e-filing system. Mr. Migliore did not appeal from that order.

¶10  Two weeks after entry of the district court's combined order, Livingston moved for attorney fees pursuant to section 78B-5-825 of the Utah Code, which directs the court to "award reasonable attorney fees to a prevailing party if the court determines that the action . . . was without merit and not brought or asserted in good faith." Mr. Migliore responded to the district court's order to show cause and opposed Livingston's motion for attorney fees. The district court held a hearing on Livingston's motion for fees in which it found that Livingston was entitled to a fee award. Specifically, it found that Livingston was the prevailing party, that Mr. Migliore's renewed rule 60(b) motion was without merit, and that the motion was brought with the goal of hindering or delaying Livingston's efforts to collect on the judgment. The district court thereafter issued its final written order granting Livingston's request for attorney fees. Contemporaneously, it issued a memorandum decision withdrawing its order to show cause concerning the rule 11 sanctions, reasoning that the award of fees pursuant to section 78B-5-825 was "a sufficient sanction."

¶11  Mr. Migliore filed a notice of appeal that purported to challenge the original grant of summary judgment, the denial of the renewed rule 60(b) motion, and the order granting Livingston an award of attorney fees. The notice was filed more than thirty days from the original summary judgment order and the denial of the renewed rule 60(b) motion, but within thirty days from the order awarding fees.

¶12  The court of appeals issued a per curiam opinion in which it dismissed both the appeal of the original summary judgment order and the order denying the renewed rule 60(b) motion on the basis that it lacked jurisdiction. *Livingston Fin., LLC v. Migliore*, 2013 UT App 58, ¶ 1, 299 P.3d 620. It held that both the original summary judgment order and the order denying the renewed rule 60(b)

motion were final appealable orders and that Mr. Migliore had not filed a timely notice of appeal pursuant to rule 4 of the Utah Rules of Appellate Procedure. *Id.* ¶¶ 2–3. In so doing, the court of appeals rejected Mr. Migliore's contention that the order denying the renewed rule 60(b) motion did not become final until entry of Livingston's attorney fee award. It concluded that the initial order "fully resolved the motion then before the court" and that "Livingston sought its attorney fees in a subsequent motion." *Id.* ¶ 3.

¶13 Because it concluded that it lacked jurisdiction to consider Mr. Migliore's challenge to the original summary judgment order and the order denying the renewed rule 60(b) motion, the court of appeals addressed only the merits of his challenge to the award of attorney fees. It held that the district court's factual findings were sufficient to support the award of fees. Specifically, it held that a meritless motion filed nearly two years after issuance of the judgment was implicitly brought for the purpose of "further delay[ing] Livingston's ongoing efforts to collect on the judgment." *Id.* ¶ 9. Accordingly, the court of appeals affirmed Livingston's award of fees under section 78B-5-825 of the Utah Code and further awarded Livingston its fees and costs incurred on appeal. *Id.*

¶14 We granted certiorari on two questions: (1) whether the court of appeals erred in determining it lacked jurisdiction over the appeal of the summary judgment order[1] and renewed rule 60(b) motion and (2) whether the court of appeals erred in affirming the district court's award of attorney fees. We have jurisdiction pursuant to section 78A-3-102(3)(a) of the Utah Code.

## STANDARD OF REVIEW

¶15 "On certiorari, we review for correctness the decision of the court of appeals, not the decision of the trial court." *Ramsay v. Kane Cnty. Human Res. Special Serv. Dist.*, 2014 UT 5, ¶ 7, 322 P.3d 1163 (internal quotation marks omitted). "The correctness of the court of appeals' decision turns, in part, on whether it accurately reviewed the trial court's decision under the appropriate standard of review." *State v. Levin*, 2006 UT 50, ¶ 15, 144 P.3d 1096. "Whether appellate

---

[1] In his reply brief to this court, Mr. Migliore abandoned his appeal of the original summary judgment order. Thus, he "appeals only the . . . order denying his [renewed r]ule 60(b) motion, and the . . . attorney fees order."

jurisdiction exists is a question of law which we review for correctness, giving no deference to the decision below." *Pledger v. Gillespie*, 1999 UT 54, ¶ 16, 982 P.2d 572.

**ANALYSIS**

## I. THE COURT OF APPEALS HAD JURISDICTION TO REVIEW THE DISTRICT COURT'S DENIAL OF MR. MIGLIORE'S RENEWED RULE 60(b) MOTION

¶16 Mr. Migliore argues that the court of appeals erred when it determined that it lacked jurisdiction to consider the district court's order denying Mr. Migliore's renewed rule 60(b) motion. Though Mr. Migliore did not file a notice of appeal within thirty days of entry of that order, he maintains that the order was not a final appealable order because it did not fully resolve the issues between the parties. Specifically, Mr. Migliore argues that it was not final because it did not dispose of Livingston's request for attorney fees or the order to show cause as to potential rule 11 sanctions. Accordingly, the first issue we must consider is whether the district court's order denying the renewed rule 60(b) motion was final and appealable.

¶17 Utah appellate courts do not "have jurisdiction over an appeal unless it is taken from a final judgment." *Loffredo v. Holt*, 2001 UT 97, ¶ 10, 37 P.3d 1070; *see also* UTAH R. APP. P. 3(a) ("An appeal may be taken from . . . all final orders and judgments . . . ."). "For an order to constitute a final judgment, it must end the controversy between the litigants." *Loffredo*, 2001 UT 97, ¶ 12; *see also Bradbury v. Valencia*, 2000 UT 50, ¶ 10, 5 P.3d 649 ("To be final, the trial court's order . . . must dispose of all . . . claims to an action."). "It is well settled that an order denying relief pursuant to Rule 60(b) is generally a final appealable order." *Mascaro v. Davis*, 741 P.2d 938, 946 (Utah 1987). Thus, the district court's order would generally be appealable. But the question before us is whether the district court's sua sponte order to show cause or Livingston's subsequent request for attorney fees pursuant to section 78B-5-825 of the Utah Code rendered the order nonfinal and therefore not appealable.

¶18 For the reasons discussed below, we hold that the district court's sua sponte order to show cause precluded entry of final judgment until the court resolved it. As a result, the order denying the renewed rule 60(b) motion was not final and appealable until the

district court finally resolved the pending order to show cause.[2]

¶19 We previously adopted a rule that a judgment is not final until resolution of any outstanding requests for attorney fees. *ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 12, 998 P.2d 254. We reasoned that judicial economy is best served "by enabl[ing] an appellant to appeal all issues, including an award of attorney fees, in a single notice of appeal." *Id.* ¶¶ 14–15 (alteration in original) (internal quotation marks omitted). In so reasoning, we expressly rejected the contrary federal rule, under which a decision on the merits of the case is final regardless of any pending request for attorney fees. *Id.* ¶ 13 (rejecting the federal rule announced in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988)).

¶20 Mr. Migliore urges us to extend the *ProMax* rule to the context of pending rule 11 sanctions contemplated in an otherwise final order. He argues that the logic underlying the *ProMax* rule is equally applicable to rule 11 sanctions in this context. We agree. A party appealing a judgment on the merits is also likely to appeal any rule 11 sanctions imposed by the court. Thus, requiring a party to separately appeal the imposition of rule 11 sanctions would necessitate piecemeal appeals, a needlessly wasteful endeavor. Accordingly, we extend *ProMax* to apply to requests for rule 11 sanctions raised before or contemporaneously with the entry of a final appealable judgment.[3]

¶21 We are aware that we have previously referred to rule 11 sanctions as a collateral matter that have "no relationship to the disposition of the case on its merits." *Clark v. Booth*, 821 P.2d 1146, 1148 (Utah 1991). In *Clark*, we held that the imposition of rule 11 sanctions did not affect the finality of a decree of foreclosure. *Id.* Our reasoning there paralleled that of the federal courts, which hold that the imposition of rule 11 sanctions is a collateral issue that has

---

[2] Because we hold that the district court's order to show cause precluded entry of final judgment on the order denying the renewed rule 60(b) motion, Livingston's subsequent request for attorney fees is best characterized as a prejudgment request for fees. And our precedent establishes that a prejudgment request for attorney fees must be resolved prior to the entry of a final appealable order. *See Loffredo v. Holt*, 2001 UT 97, ¶ 13, 37 P.3d 1070.

[3] A judgment that is final and appealable when entered does not lose that status as a result of a subsequently filed motion for rule 11 sanctions.

no effect on the finality of a judgment on the merits. *Id.*; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) ("Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue . . . ."). But we decided *Clark* prior to *ProMax*. In light of our holding in *ProMax*, and our rejection of the federal rule in that case, we hereby repudiate the approach taken in *Clark*. The *ProMax* rule applies to all requests for attorney fees, including pending requests for rule 11 sanctions, whether instigated by the court or the parties.

¶22 The district court's order denying the renewed rule 60(b) motion was not final and appealable until the district court resolved the pending order to show cause. Thus, we hold that the court of appeals erred when it determined that it lacked jurisdiction to consider the denial of Mr. Migliore's renewed rule 60(b) motion. In the interest of judicial economy, we elect to exercise our discretion to consider the merits, rather than remanding the case to the court of appeals.

## II. THE DISTRICT COURT CORRECTLY DENIED MR. MIGLIORE'S RENEWED RULE 60(b) MOTION

¶23 The basis of Mr. Migliore's renewed rule 60(b) motion was that he was denied due process of law in the original summary judgment proceedings and that the judgment was therefore void. Specifically, Mr. Migliore argued that he was deprived of notice, denied the opportunity to respond to Livingston's claims, and denied a fair opportunity to submit evidence.

¶24 Rule 60(b)(4) of the Utah Rules of Civil Procedure allows a party to seek relief from "a final judgment, order, or proceeding" if "the judgment is void." A rule 60(b) motion must normally be brought within ninety days after the judgment was entered. *See* UTAH R. CIV. P. 60(b). "But where the judgment is void . . . the time limitations of [r]ule 60(b) have no application." *Garcia v. Garcia*, 712 P.2d 288, 290 (Utah 1986) (reversing denial of rule 60(b) motion when underlying judgment was void for want of service); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 11 FEDERAL PRACTICE AND PROCEDURE § 2862 (3d ed. 2012) ("[T]here is no time limit on an attack on a judgment as void."). Thus, though Mr. Migliore's renewed rule 60(b) motion was brought nearly two years after entry of summary judgment, it is not time barred.

¶25 Normally, the district court's denial of a rule 60(b) motion is reviewed for abuse of discretion. *Johnson v. Johnson*, 2010 UT 28,

¶ 6, 234 P.3d 1100. But the district court has no discretion with respect to a void judgment because the determination that a judgment is void implicates the court's jurisdiction. *See Jackson Const. Co. v. Marrs*, 2004 UT 89, ¶ 8, 100 P.3d 1211. Accordingly, "the propriety of [the] jurisdictional determination, and hence the decision not to vacate, becomes a question of law upon which we do not defer to the district court." *Johnson*, 2010 UT 28, ¶ 6 (internal quotation marks omitted); *accord Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) ("Where [r]ule 60(b)(4) is properly invoked, relief is not a discretionary matter; it is mandatory and, accordingly, our review is de novo." (citation omitted) (internal quotation marks omitted)).

¶26 Turning to the merits of the rule 60(b) denial, we narrowly construe the concept of a void judgment in the interest of finality. *Brimhall v. Mecham*, 494 P.2d 525, 526 (Utah 1972). "A judgment is not void merely because it is erroneous." WRIGHT & MILLER, *supra*, § 2862. Rather, a "judgment is void under rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter or parties, or the judgment was entered without the notice required by due process." *Judson v. Wheeler RV Las Vegas, L.L.C.*, 2012 UT 6, ¶ 18, 270 P.3d 456 (internal quotation marks omitted). Mr. Migliore did not challenge the district court's jurisdiction. As such, his renewed rule 60(b)(4) challenge relied solely on the argument that summary judgment was rendered in violation of his due process rights.

¶27 "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (internal quotation marks omitted) (holding that due process was satisfied when a party had actual notice, despite not being properly served with summons and complaint). The record demonstrates that Mr. Migliore had actual notice of all of Livingston's claims and ample opportunity to submit evidence in his defense. Mr. Migliore attached a copy of the summons and complaint to his motion for a more definite statement, demonstrating that he was on notice of Livingston's claims. Moreover, Mr. Migliore received Livingston's discovery requests. He responded to the requests for admission by denying them on the basis that he lacked the information to answer. As to Livingston's interrogatories and requests for production, Mr. Migliore stated in his first rule 60(b) motion that he simply "forgot" to respond because the summons and complaint had been served "months earlier" and

he had "made a mistake of assuming there had been no initial service." Thus, the evidence on the record clearly indicates that Mr. Migliore had notice of Livingston's claims and an opportunity to respond.

¶28 It was only after the district court entered summary judgment that Mr. Migliore raised the possibility that the credit account at issue might belong to his father. And although Mr. Migliore attempted to excuse his failure to participate in discovery by asserting that he had been hospitalized shortly after being served with Livingston's complaint, there is no evidence in the record that Mr. Migliore contacted the district court to request an extension or that his illness was so severe that he was unable to do so. *See Black's Title, Inc. v. Utah State Ins. Dep't*, 1999 UT App 330, ¶ 10, 991 P.2d 607 (noting that a party cannot demonstrate excusable neglect under rule 60(b) merely by claiming illness).

¶29 In summary, Mr. Migliore's renewed rule 60(b) challenge merely reflects his disagreement with the underlying merits of the original summary judgment determination. He provides nothing to support his claim that the underlying judgment was void. Rule 60(b) does not provide an alternative vehicle for challenging the merits of a judgment that are more properly addressed through normal appellate review. Rather, a judgment is void only if the rendering court lacked authority. And there is no basis here for concluding that Mr. Migliore was deprived of his due process rights to notice of, or an opportunity to respond to, Livingston's claims. Accordingly, we affirm the district court's denial of Mr. Migliore's renewed rule 60(b) motion. We now turn to Mr. Migliore's claim that the court of appeals erred when it affirmed the district court's award of attorney fees pursuant to section 78B-5-825 of the Utah Code.

### III. THE COURT OF APPEALS CORRECTLY AFFIRMED THE DISTRICT COURT'S AWARD OF FEES

¶30 When reviewing an award of attorney fees under section 78B-5-825 of the Utah Code, we apply a statutorily mandated, two-part test. *Matthews v. Olympus Const., L.C. (In re Olympus Const., L.C.)*, 2009 UT 29, ¶ 29, 215 P.3d 129. Section 78B-5-825 provides that "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith." "Whether a claim is without merit is a question of law and we review it for correctness." *In re Discipline of Sonnenreich*, 2004 UT

10

3, ¶ 45, 86 P.3d 712 (internal quotation marks omitted) (reviewing an award of fees under the precursor to section 78B-5-825).  Whether a claim was brought in good faith is a question of fact that we review for clear error.  *Id.*  The court of appeals affirmed the award of fees because it concluded that Mr. Migliore's renewed rule 60(b) motion was without merit and brought in bad faith.  We agree and affirm.[4]

*A. Mr. Migliore's Renewed Rule 60(b) Motion Was Without Merit*

¶31  "To determine whether a claim is without merit, we look to whether it was frivolous or of little weight or importance having no basis in law or fact."  *Matthews*, 2009 UT 29, ¶ 30 (internal quotation marks omitted).  As discussed above, the basis of Mr. Migliore's renewed rule 60(b) motion was that the original summary judgment order was void for lack of due process.  But Mr. Migliore had actual notice of Livingston's claims against him and ample opportunity to present evidence in his defense.  *See supra* ¶¶ 27–29.  Mr. Migliore's renewed rule 60(b) motion reflects nothing more than his disagreement with the propriety of the original summary judgment ruling.  And we have already established that mistakes in the underlying proceedings are insufficient to render a judgment void.  Because we conclude that there was no factual basis upon which Mr. Migliore could claim that he lacked notice or an opportunity to be heard, we affirm the district court's conclusion that his renewed rule 60(b) motion was without merit.

---

[4] The court of appeals has previously held that courts may not award attorney fees pursuant to section 78B-5-825 on the basis of a frivolous motion.  *Dahl v. Harrison*, 2011 UT App 389, ¶ 42, 265 P.3d 139.  Rather, it has reasoned that the "plain language of section 78B-5-825 expressly limits the award of attorney fees to situations where a party prevails with regard to an 'action.'"  *Id.* (noting that "'action' is a term of art, basically meaning a lawsuit, and a motion—an optional part of a lawsuit—clearly does not equate to an 'action'").  Though this holding would seem to preclude an award of statutory fees for the filing of a frivolous rule 60(b) motion, Mr. Migliore did not raise such an argument below.  Neither did he raise a plain error claim here.  *See State v. Peterson*, 881 P.2d 965, 968 (Utah Ct. App. 1994) (refusing to consider a claim when party did not argue plain error).  Accordingly, we express no opinion with regard to the applicability of section 78B-5-825 to frivolous motions.

## B. Mr. Migliore's Claim Was Not Brought in Good Faith

¶32   The second requirement for a statutory award of attorney fees is that the action was brought in bad faith. UTAH CODE § 78B-5-825; *In re Discipline of Sonnenreich*, 2004 UT 3, ¶ 48.  A finding of bad faith requires "a factual determination of a party's subjective intent." *Valcarce v. Fitzgerald*, 961 P.2d 305, 315–16 (Utah 1998).  To find that a party acted in bad faith, the court must conclude that at least one of the following factors existed:

> (i) The party lacked an honest belief in the propriety of the activities in question; (ii) the party intended to take unconscionable advantage of others; or (iii) the party intended to or acted with the knowledge that the activities in question would hinder, delay, or defraud others.

*Id.* at 316.  We will uphold a district court's factual determination of bad faith "if there is sufficient evidence in the record to support a finding that at least one of these three factors applies." *Still Standing Stable, LLC v. Allen*, 2005 UT 46, ¶ 13, 122 P.3d 556.

¶33   The district court found that Mr. Migliore's renewed rule 60(b) motion "was brought to hinder or delay [Livingston] in the efforts to collect" on its judgment.  Mr. Migliore argues that the district court failed to make sufficient factual findings on the record to support this conclusion.  But we do not require specific factual findings to support an award of fees under section 78B-5-825.  *See Valcarce*, 961 P.2d at 316.  In *Valcarce*, the district court found that the claim was pursued for "no other apparent reason than to harass [the opposing party] and/or to drive up the costs of litigation."  *Id.* (internal quotation marks omitted).  Though the district court failed to make further factual findings, we affirmed its award of fees because there was evidence from which the court could have reasonably come to its conclusion.  *Id.*

¶34  Similarly, in this case, there was evidence in the record from which the district court could have concluded that Mr. Migliore brought his renewed rule 60(b) motion for the purpose of hindering Livingston's efforts to collect on its judgment.  Mr. Migliore waited nearly two years to bring a collateral challenge to a judgment he never directly appealed.  And the renewed rule 60(b) motion lacked any legal or factual basis. *See supra* ¶ 31.  We agree with the court of appeals that an "obvious result of filing the renewed motion was to

further delay Livingston's ongoing efforts to collect on the judgment." *Livingston Fin., LLC v. Migliore*, 2013 UT App 58, ¶ 9, 299 P.3d 620.

¶35 Mr. Migliore also suggests that the district court could not infer that he brought the renewed motion to delay Livingston's collection efforts because Livingston's efforts were not, in fact, delayed. In particular, Mr. Migliore notes that Livingston continued to pursue collection, even after the renewed motion was filed. But Mr. Migliore's argument misstates the applicable standard. The relevant inquiry concerns the moving party's subjective intent to delay or hinder, not whether the party succeeded in doing so. *See Valcarce*, 961 P.2d at 315–16. The district court could have reasonably concluded that Mr. Migliore's renewed motion, filed without legal merit and in light of Livingston's active efforts to collect its judgment, was intended to delay those efforts.

¶36 On these facts, the district court's finding of bad faith was not clearly erroneous. Because we agree that Mr. Migliore's renewed rule 60(b) motion was without merit and because the district court's factual finding of bad faith was supported by sufficient evidence, we hold that the court of appeals correctly affirmed the award of fees.

## CONCLUSION

¶37 The court of appeals erred when it concluded that it lacked jurisdiction to consider the denial of Mr. Migliore's renewed rule 60(b) motion. The district court's order to show cause as to why Mr. Migliore should not be subject to sanctions precluded entry of a final appealable order. Accordingly, the district court's order did not become final until the court resolved the order to show cause, and Mr. Migliore's appeal was therefore timely.

¶38 Though the court of appeals did not reach the merits of Mr. Migliore's challenge, in the interests of judicial economy, we exercise our discretion and address them here. We hold that the district court did not err when it denied Mr. Migliore's renewed rule 60(b) motion because there was no factual or legal basis from which to conclude that the original summary judgment determination was void for want of due process. We therefore conclude that the court of appeals did not err when it affirmed the district court's award of attorney fees pursuant to section 78B-5-825 of the Utah Code.