2019 UT App 175

# THE UTAH COURT OF APPEALS

NPEC, LLC,
Appellee,
*v.*
GREGORY RYAN MILLER,
Appellant.

Per Curiam Opinion
No. 20190726-CA
Filed October 31, 2019

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 130905131

Gregory R. Miller, Appellant Pro Se

Evan S. Strassberg and Michael C. Barnhill,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, and MICHELE M. CHRISTIANSEN
FORSTER, and RYAN M. HARRIS.

PER CURIAM:

¶1 Gregory Ryan Miller seeks to appeal the district court's order denying him permission to file a document captioned "Miller's Notice of Withdrawal From the Settlement Agreement and Motion for Relief From Further Enforcement of the Permanent Injunction." Miller moved for summary reversal of the district court's order. Instead of addressing his motion on the merits, however, we dismiss the appeal for lack of jurisdiction because the order denying permission to file is not an appealable order.

¶2 In his motion, Miller casts the appealed order as a denial of his motion for relief under rule 60(b) of the Utah Rules of Civil Procedure, which is typically a final and appealable order. *See*

*Migliore v. Livingston Financial, LLC*, 2015 UT 9, ¶ 17, 347 P.3d 394; *see also* Utah R. Civ. P. 58A(b)(4) (noting that a "separate document is not required for an order disposing of" a postjudgment motion brought pursuant to rule 60). However, that is not an accurate representation of the posture of the case and the nature of the appealed order.

¶3    Pursuant to rule 83 of the Utah Rules of Civil Procedure, the district court found Miller to be a vexatious litigant in the underlying case in July 2015. The July order did not impose specific restrictions on Miller. But, in September 2015, the district court entered an order imposing restrictions as permitted under rule 83. *See* Utah R. Civ. P. 83(b), (d). Among the available restrictions in rule 83 is a pre-filing review by a court to assure that a document proposed by a vexatious litigant does not consume judicial resources without demonstrating adequate legal justification. *See id.* R.83(b)(4); *see also Strand v. Nupetco Assocs., LLC*, 2017 UT App 55 ¶ 5, 397 P.3d 724 ("Rule 83 authorizes a court to impose restrictive orders on vexatious pro se litigants. The purpose of such orders is to curb the litigant's vexatious conduct."). Specifically, the district court imposed a requirement that Miller obtain court permission, in advance, to file any paper seeking affirmative relief from the court.

¶4    In July 2019, Miller submitted the above-noted proposed motion for relief to the court for review. The court denied permission to file the document, noting that the paper did not raise any non-frivolous issue. Because the document was not filed with the court or ruled upon on the merits, the challenged order is not a denial of a motion for relief under rule 60(b). Rather, Miller filed a notice of appeal from the order denying permission to file the document.

¶5    We hold that an order denying a vexatious litigant permission to file a paper is not appealable as a matter of right under rule 3 of the Utah Rules of Appellate Procedure. Appeals

of right can generally be taken only from a final judgment that fully and completely resolves all claims by all parties. *See* Utah R. App. P. 3(a) (stating that appeals "may be taken . . . from all final orders and judgments"); Utah R. Civ. P. 54(a) (stating that a "judgment" is "a decree or order that adjudicates all claims and the rights and liabilities of all parties"); *see also Loffredo v. Holt*, 2001 UT 97, ¶ 10, 37 P.3d 1070 (holding that appellate courts ordinarily do "not have jurisdiction over an appeal unless it is taken from a final judgment"). An order that does nothing more than deny a vexatious litigant permission to file a document falls far short of resolving all claims by all parties in the case.

¶6 Neither is the order the type of postjudgment order that may be separately appealable. Many postjudgment orders are appealable as a matter of right. *See* Utah R. App. P. 4(b) (listing postjudgment orders from which the appeal time runs "from the entry of the dispositive order"); *Cheves v. Williams*, 1999 UT 86, ¶ 50, 993 P.2d 191 (holding that orders enforcing a judgment are "separate and distinct" from the underlying judgment and require a separate notice of appeal). However, there is nothing in rule 83 that suggests that a vexatious litigant may appeal an order denying leave to file a document in a postjudgment setting. Utah R. Civ. P. 83. And orders pursuant to rule 83 are not identified in other rules that address postjudgment orders and affect appeals from such orders. *See* Utah R. App. P. 4(b); Utah R. Civ. P. 58A(b) (listing postjudgment orders for which no "separate document" need be filed to permit an appeal to be taken from the dispositive order).

¶7 Moreover, to permit a vexatious litigant to appeal as a matter of right from the denial of permission to file what has been deemed to be essentially a frivolous document would negate the overall purpose of the rule, which is to avoid waste of litigant and judicial resources. "We interpret court rules, like statutes and administrative rules, according to their plain language." *Burns v. Boyden*, 2006 UT 14, ¶ 19, 133 P.3d 370.

Furthermore, we will read the plain language of the rule as a whole, *see Board of Educ. v. Sandy City Corp.*, 2004 UT 37, ¶ 9, 94 P.3d 234, and "seek to give effect to the intent of the body that promulgated the rule." *Burns*, 2006 UT 14, ¶ 19. Allowing such appeals as a matter of right would merely shift the vexatious litigant's inappropriate use of judicial resources from the district court to the appellate court and would increase the wasteful use of resources by involving multiple judges to review each appeal. Construing rule 83 to permit direct appeals from the denial of permission to file would be inconsistent with the intended effect of the rule.

¶8     Appellate courts may not act on an appeal unless appellate jurisdiction has been properly invoked. *Copper Hills Custom Homes, LLC, v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 1, 428 P.3d 1133. "An appeal is improper if it is taken from an order or judgment that is not final . . . unless it fits within an exception to the final judgment rule." *Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649. "[O]rders and judgments that are not final can be appealed if such appeals are statutorily permissible, if the appellate court grants permission under rule 5 of the Utah Rules of Appellate Procedure, or if the trial court expressly certifies them as final for purposes of appeal under rule 54(b) of the Utah Rules of Civil Procedure." *Id.* ¶ 12. An order denying permission to file a document proposed by a vexatious litigant subject to pre-filing restrictions is not an appealable order as a matter of right, and Miller suggests no other ground upon which we might be able to consider this appeal. Accordingly, this court lacks appellate jurisdiction and must dismiss the appeal. *Id.* ¶ 8.

―――――――