2026 UT App 31

# THE UTAH COURT OF APPEALS

MAKAIBREE MARIE REESE,
Appellee,
*v.*
KYLAN REESE,
Appellant.

Opinion
No. 20240830-CA
Filed March 5, 2026

Third District Court, Salt Lake Department
The Honorable Laura Scott
No. 214903213

Joshua Lucherini, Attorney for Appellant

Steve S. Christensen and Clinton R. Brimhall,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and JOHN D. LUTHY concurred.

MORTENSEN, Judge:

¶1 MaKaibree and Kylan Reese were divorced in an uncontested proceeding in 2021.[1] Years after the decree was entered, Kylan realized that he agreed to pay more than double in child support than what he otherwise would have paid under the applicable law. He filed a motion to set aside the child support provision of the decree under rule 60(b) of the Utah Rules of Civil

---

1. "As is our practice in cases where both parties share a last name, we refer to the parties by their first name with no disrespect intended by the apparent informality." *Smith v. Smith*, 2017 UT App 40, ¶ 2 n.1, 392 P.3d 985.

Procedure, claiming that the provision was void. The district court denied his motion. Kylan appeals this denial, and we affirm.

BACKGROUND

¶2 MaKaibree and Kylan were married in 2015 and share two children. In early 2017, the parties executed a postnuptial agreement, under which Kylan agreed to pay monthly child support in the amount of either $2,500 or half of his monthly salary, whichever was greater, in the event the parties divorced. MaKaibree filed a petition for divorce through counsel in January 2021. Kylan did not retain counsel, and the parties filed a stipulated settlement agreement. The district court entered its findings of fact and conclusions of law and issued a divorce decree in June 2021. Each of these documents incorporated the postnuptial agreement's child support provision.

¶3 In January 2024, Kylan filed a motion seeking to set aside the decree's child support provision for voidness under rule 60(b)(4) of the Utah Rules of Civil Procedure.[2] Specifically, Kylan argued that the child support provision was void ab initio because Utah law bars parties from entering into a premarital agreement that would affect the right of a child "to support, health and medical provider expenses, medical insurance, and child care coverage." (Quoting Utah Code § 81-3-203(2).) The court concluded, as relevant on appeal, that the statute applies only to "premarital agreements" and does not bar parties from "dictating future child support obligations with a postnuptial agreement." Consequently, the court determined that the decree's child

---

2. In the motion, Kylan also cited rules 60(b)(1) and 60(b)(6) of the Utah Rules of Civil Procedure. Based on how Kylan briefs the issue on appeal, however, it's clear that the actual basis for the motion was rule 60(b)(4).

support provision was not void, and it therefore denied the motion to set aside as untimely.

ISSUE AND STANDARD OF REVIEW

¶4 On appeal, Kylan asserts that the district court erred in determining that the child support provision of the decree was not void under rule 60(b)(4) of the Utah Rules of Civil Procedure.[3] "Normally, we review a district court's denial of a 60(b) motion under an abuse of discretion standard of review. But when dealing with a rule 60(b)(4) motion seeking to set aside a judgment as void, we review the district court's decision for correctness." *Sanders v. Sanders*, 2021 UT App 122, ¶ 4, 502 P.3d 1230 (cleaned up).

ANALYSIS

¶5 Rule 60(b)(4) of the Utah Rules of Civil Procedure provides that "[o]n motion and upon just terms, the court may relieve a party or its legal representative from a judgment, order, or proceeding" if "the judgment is void." Rule 60(b)(4) motions typically "must be filed within a reasonable time." Utah R. Civ. P. 60(c); *see In re Estate of Willey*, 2016 UT 53, ¶ 17, 391 P.3d 171 ("Although the language of rule 60(c) states that all motions under

---

3. Kylan raises two other issues on appeal. First, he argues that the district court should have applied section 81-3-203 of the Utah Code to the parties' postnuptial agreement. Second, he claims that the court erroneously determined that the "child support order was a product of [a] settlement agreement executed in the context of a divorce proceeding rather than the product of a postnuptial agreement." However, the rule 60(b)(4) issue is dispositive because the decree was not void and Kylan did not timely file his motion under any other provision of rule 60(b). We therefore do not address the other two issues.

paragraph (b) must be filed within a reasonable time, this court has held that where the judgment is void because of a fatally defective service of process, the time limitations of rule 60(b) have no application." (cleaned up)).

¶6    Kylan asserts that the decree's child support provision was "illegal, and therefore void [under rule 60(b)(4)], because it was incorporated into the parties' decree pursuant to [the] terms of [the parties'] postnuptial agreement." As support for his argument, Kylan points to section 81-3-203(2) of the Utah Code, which provides that "[t]he right of a child . . . to support, health and medical provider expenses, medical insurance, and child care coverage may not be affected by a premarital agreement." But by its plain terms, the statute applies only to "premarital agreements," not to postnuptial agreements. *See* Utah Code § 801-3-203(2). And where statutory language is clear, we will not rewrite the statute on policy grounds.[4] *See, e.g.*, *Federated Cap. Corp. v. Libby*, 2016 UT 41, ¶ 26, 384 P.3d 221 ("It is not the court's prerogative to rewrite the statutory language or to question the wisdom, social desirability, or public policy underlying it." (cleaned up)).

¶7    Moreover, "we narrowly construe the concept of a void judgment in the interest of finality." *Migliore v. Livingston Fin., LLC*, 2015 UT 9, ¶ 26, 347 P.3d 394. Our supreme court has identified three situations in which a judgment is void: (1) the court lacked subject matter jurisdiction, (2) the court lacked personal jurisdiction, or (3) the court entered the judgment when a party didn't receive "the notice required by due process." *Id.* (cleaned up); *see also* 11 *Wright & Miller's Federal Practice*

---

4. Even were we to consider rewriting the statute on policy grounds—which, again, we cannot do—it bears mention that "a party may agree to pay child support in excess of" the child support guidelines under Utah law. *Davis v. Davis*, 2011 UT App 311, ¶ 17 n.11, 263 P.3d 520.

*& Procedure* § 2862 (3d ed. 2025 update) (noting that a court will deny a motion under the federal rule when it "finds that there was subject-matter or personal jurisdiction, or that no due-process violation has occurred" (cleaned up)).

¶8     Here, Kylan does not argue that the district court lacked subject matter or personal jurisdiction. Nor does he assert that he did not receive adequate notice for due process purposes. In other words, the child support provision does not fall under any of the circumstances that the supreme court has said constitutes a void judgment.

¶9     For these reasons, the court was correct in concluding that the child support provision was not void and that the motion was therefore otherwise untimely. Consequently, Kylan is not entitled to the relief he seeks on appeal.

CONCLUSION

¶10     The district court correctly concluded that the child support provision of MaKaibree and Kylan's divorce decree was not void for purposes of rule 60(b)(4) of the Utah Rules of Civil Procedure and that Kylan's motion to set aside the provision was otherwise untimely. We therefore affirm the court's denial of the motion.

————————