Justice PARRISH,
opinion of the Court:
INTRODUCTION,
[ 1 On certiorari, Ricardo Enrique Carrera challenges the court of appeals' ruling affirming his conviction for unlawfully possessing another's Social Security card. Mr. Carrera asserts that there was insufficient evidence to support a reasonable inference that he knew he was not entitled to possess the card. We agree and reverse the court of appeals.
FACTS
[ 2 In December 2010, in response to a call reporting a potential crime, Salt Lake City Police Officer Jonathan Dew began a search of the house where Mr. Carrera rented a room. During his search, Officer Dew identified himself as a police officer and asked Mr. Carrera to come out of his bedroom. After being asked several times, Mr. Carrera finally joined Officer Dew in the living room.
T8 Upon entering the living room, Mr. Carrera took an aggressive stance against Officer Dew as if preparing to attack him. Believing that Mr. Carrera may assault him, Officer Dew ordered Mr. Carrera several times to sit down. Mr. Carrera ignored him. Because of Mr. Carrera's noncompliant behavior, Officer Dew attempted to place Mr. Carrera in handcuffs. Mr. Carrera pulled away and resisted arrest. Eventually, Mr. Carrera complied with Officer Dews orders to get on the ground, and Officer Dew handcuffed him.
[ 4 Officer Dew placed Mr. Carrera under arrest and then conducted a search incident to that arrest. The search uncovered Mr. Carrera's wallet. Officer Dew searched the wallet and found an unsigned Social Security card bearing the name of a Ms. Alvin. Officer Dew asked Mr. Carrera to whom the card belonged and whether he knew Ms. Alvin. Mr. Carrera responded that he did not know her.
T5 The State charged Mr. Carrera with interference with an arresting peace officer and unlawful possession of another's identification documents. See Uvax Copr § 76-8-305 (interference with arresting officer); id. § 76-6-1105(@2)(a) (unlawful possession). A jury found Mr. Carrera guilty of both charges, and he timely appealed his convietion for unlawfully possessing another's identifying document. The court of appeals affirmed his conviction, and we granted cer-tiorari. We have jurisdiction pursuant to section T8A-8-102@B)(a) of the Utah Code.
*1069 STANDARD OF REVIEW
16 On certiorari, we review the court of appeals' decision for correctness. Ramsay v. Kane Cnty. Human Res. Special Serv. Dist., 2014 UT 5, ¶7, 322 P.3d 1168. We do not review "the decision of the trial court." Id. (internal quotation marks omitted). In evaluating sufficiency of the evidence claims, "we review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict." State v. Shumway, 2002 UT 124, ¶ 15, 63 P.3d 94.
ANALYSIS
17 Mr. Carrera argues that there was insufficient evidence for a reasonable jury to decide beyond a reasonable doubt that he knew he was not entitled to possess the Social Security card. The City contends that reasonable inferences drawn from Mr. Carrera's behavior, his admission that he did not know Ms. Alvin, and the location of the card are sufficient to conclude that Mr. Carr-era knew he was not entitled to possess the Social Security card. We disagree. We conclude that the City failed to present sufficient evidence to establish Mr. Carrera's mental state and accordingly reverse.
[8 Mr. Carrera was convicted of unlawfully possessing another's identification doeument. Under Utah law,
a person is guilty of [unlawful possession of another's identification document] if he . obtains or possesses an identifying document with knowledge that he is not entitled to obtain or possess the identifying document.
Utax Cope § 76-6-1105(2)(a). Mr. Carrera does not dispute that he possessed the Social Security card. But he argues that the City did not present sufficient evidence to establish the required mens rea-that he knew he was not entitled to possess the Social Security card.
T9 Before we can determine whether the evidence sufficiently established the mens rea element, we must determine what that element requires We begin by recognizing that the Legislature did not make mere possession of another's identifying document unlawful. Instead, it requires the City to prove that Mr. Carrera had "knowledge that he [was] not entitled to obtain or possess the identifying document." Id. The City's arguments equate entitlement with permission, asserting that because Mr. Carrera did not know the owner of the card he could not have reasonably believed that he was entitled to possess it. Mr. Carrera points to the case of a so-called Good Samaritan who finds a lost Social Security card and picks it up to return it or a police officer who seizes a stolen card for the same reason. Neither the Good Samaritan nor the police officer knows the person to whom the card belongs. They therefore both possess the card without permission from its owner. Although the statute does not provide any liability exception for such cirenmstances, the Legislature certainly did not intend for either to be subject to prosecution. Accordingly, knowledge that a person is not entitled to possess a Social Security card requires more than the mere knowledge that the person is holding the card without permission from its owner. It must be knowledge of the absence of permission plus something else. That something else may be an indication that the card was stolen, that the person in possession had kept the card beyond the time in which a reasonable person would have returned it, that the person intended to use or had used the card, or that the card was forged. There are any number of additional pieces of evidence that would distinguish a Good Samaritan or a police officer from an identity thief even though all possess the card without permission.
§10 Having determined what the mens rea element requires, we turn to the question of whether the evidence was sufficient to meet that requirement in this case. In assessing a claim of insufficiency of the evidence, "we do not examine whether we believe that the evidence at trial established guilt beyond a reasonable doubt." State v. Holgate, 2000 UT 74, ¶18, 10 P.3d 846. Rather, we will overturn a conviction when "the evidence is sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the *1070 crime for which he or she was convicted." Id. (internal quotation marks omitted).
111 "[It is a well-settled rule that cireumstantial evidence alone may be sufficient to establish the guilt of the accused." State v. Nickles, 728 P.2d 128, 126 (Utah 1986). Cireumstantial evidence is particularly useful in establishing intent because direct evidence of intent is rarely available. We allow juries to rely on circumstantial evidence to find intent on the basis of reasonable inférences drawn from the evidence. See Holgate, 2000 UT 74, 21, 10 P.8d 346. However, jury verdicts decided on the basis of "remote or speculative possibilities of guilt" are invalid. State v. Workman, 852 P.2d 981, 985 (Utah 1998). Mr. Carrera's appeal turns on the distinction between a reasonable inference and speculation.
112 This is a difficult distinction for which a bright-line methodology is. elusive. An 'inference' is a "conclusion reached by considering other facts and deducing a logical consequence from them." See Buack's Law DictionaRy 847 (Oth ed.2009). On the other hand, 'speculation' is the "act or practice of theorizing about matters over which there is no certain knowledge" at hand. Id. at 1529. In short, the difference between an inference and speculation depends on whether the underlying facts support the conclusion. A jury draws a reasonable inference if there is an evidentiary foundation to draw and support the conclusion. In the case of speculation, however, there is no underlying evidence to support the conclusion. With this distinction in mind, we turn to the evidence in Mr. Carrera's case.
{18 At trial, the City argued that Mr. Carrera's knowledge may be inferred from the fact that Mr. Carrera did not know Ms. Alvin. The City argued, "It's a reasonable inference and it's a reasonable conclusion that if someone does not know someone, they're not entitled to have anything of the person's ever," And the City contends that on the basis of this evidence, the jury could have reasonably inferred that Mr. Carrera knew that he did not have permission from Ms, Alvin to possess the card. But as we have indicated, Mr. Carrera's lack of permission does not equate to knowledge on his part that he was not entitled to possess the card. Indeed, Officer Dew also possessed the card without permission from Ms. Alvin, yet he is not subject to prosecution. In' short, something more-such as evidence suggesting a nefarious intent-is required under the statute. We turn now to the remaining evidence to look for such a suggestion. .
1 14 Nothing about the location of the card in Mr. Carrera's wallet provides an indication of a nefarious intent. It is only logical that any person coming into possession of a Social Security card would place it in his wallet for safe keeping regardless of his innocent or malicious intent. Since placing the card in a wallet does not show culpability any more, than it. shows innocence, it cannot be the basis for a reasonable inference that Mr. Carrera had a nefarious intent.
15 Mr. Carrera's behavior towards Officer Dew is likewise inconclusive. The jury may have inferred from Mr. Carrera's hostility. and defensiveness that he was feeling guilty. But even assuming that he felt guilty, there is no basis in the evidence for the jury to conclude that his guilt stemmed from his possession of the Social Security card and not something else. Accordingly, this evidence is also insufficient to provide the nefarious intent required by the statute.
' 16 In its brief to the court of appeals, the City also argued that it was reasonable to conclude that "[Mr.] Carrera stole the social security card" because "[Mr.] Carrera did not[,] before or after the social security card was found[,] state how he obtained it, why he was in possession of it, or if he even attempted to contact the police to report it lost." But at no time in its briefing to this court did the City suggest that we could infer anything from Mr. Carrera's failure to volunteer an innocent explanation for his possession of the card. And we decline to make that leap here.
T 17 In appeals challenging the sufficiency of the evidence, like the one before us, "we review the evidence and all inferences which may reasonably be drawn from it." State v. Ashcroft, 2015 UT 5, 18, $49 P.3d 664 (emphasis added) (internal quotation *1071 marks omltted) But we also retain. discretion over whether to consider issues not raised by the parties. We may, for example, deem an issue forfeited if it is not raised, see State v. Roberts, 2015 UT 24, ¶ 20, 345 P.3d 1226, ask the parties for supplemental briefing, see Utah Dep't of Transp. v. Admiral Beverage Corp., 2011 UT 62, ¶8, 275 P.3d 208, or decide to reach the issue. In this instance, we decline to request supplemental briefing or to otherwise exercise our discretion to address arguments that the parties never made in order to indulge an inference that the City never sought.
118 First, we question whether there is even a fair inference of guilt to be drawn from Mr. Carrera's failure to voluntarily explain why he was in possession of the card. At the time of arrest, Officer Dew asked Mr. Carrera only one very specific question-whether he knew Ms. Alvin. Mr. Carrera answered this question fully. Officer Dew did not ask any follow-up questions. Accordingly, we question whether any inference can be drawn at all from Mr. Carrera's failure to engage Officer Dew in further discussion.
119 Second, even could an inference be drawn from Mr. Carrera's silence, we cannot draw. such an inference if that inference is constitutionally impermissible, which may well be the case here. Drawing an inference from Mr. Carrera's post-arrest silence implicates serious Miranda and due process concerns and may ultimately prove unconstitutional. See Berghuis v. Thompkins, 560 U.S. 370, 382, 130 S.Ct. 2250, 176 LEd.2d 1098 (2010) (explaining that to find a waiver of Miranda rights, the prosecution must show that the defendant "knowingly and voluntarily" waived (internal quotation marks omitted); Wainwright v. Greenfield, 474 U.S. 284, 295, 106 S.Ct. 634, 88 L.Ed.2d 628 (1986) (recognizing that "Mirando warnings contain an implied promise, rooted in the Constitution, that silence will carry no penalty" (internal quotation marks omitted)). And because the City did not ask for an inference to be drawn from what Mr. Carrera did not say post-arrest, neither party identified or briefed the serious constitutional issues the inference calls into play.[1]
- 20 Third, the record before us is scant, providing minimal insight into the interaction between Mr. Carrera and the officer and silent as to whether Mr. Carrera received his Miranda warnings.[2] Thus, supplemental briefing is unlikely to yield much factual clarity in the matter.
{21 In short, to consider any inference from what. Mr. Carrera did not say would require, for all practical purposes, that we order supplemental briefing. It would be unwise in the extreme for us to venture into this constitutional briar patch without the aid of such briefing. But the evidentiary standard applicable to the review of a verdict does not mandate that we exercise our dis; *1072 cretion to order supplemental briefing as to the constitutional implications of an inference that, under the facts presented here, is of questionable validity,. And in light of the foregoing considerations, we decline to so order.[3]
122 The evidence in this case is insufficient because the City made no effort to show that Mr. Carrera had any nefarious intent.[4] Instead, it based its argument at trial and on appeal on Mr. Carrera's mere possession without permission. In fact, during trial Mr. Carrera's attorney asked Officer Dew "whether [the] card was misused in any way?" and the City objected, stating that because Mr. Carrera "already said he didn't know who [Ms. Alvin] was," "it wouldn't matter if [the card] had been used unlawfully or not." Such reliance on simple possession without permission was a tactical mistake on the part of the City that now leaves this court with insufficient evidence on which to sustain the conviction.
CONCLUSION
1 23 This is a close case. Nevertheless the evidence falls short when viewed separately or in the totality. We therefore reverse the court of appeals and overturn Mr. Carrera's conviction for unlawful possession of another's identification document.
{24 We reverse the conviction of Mr. Carrera for the unlawful possession of another person's identification document. The evidence presented to the jury was insufficient to sustain a reasonable inference that Mr. Carrera knew he was not entitled to possess the Social Security card.

. Contrary to the dissent's position, we do not understand the City's response at oral argument to have affirmatively embraced the inference. During oral argument, the City agreed an inference from silence would raise a Fifth Amendment problem if Mr. Carrera had explicitly invoked his right to remain silent. But in response to the suggestion that the situation here was different because Mr. Carrera answered the officer's question, the City did not weigh in as to whether there was still a constitutional concern. Instead, it shifted focus, asking the court to consider "the totality of the evidence rather than this limited interaction when [Mr. Carrera] was arrested."

. At trial and on appeal, the City has consistently presented Mr. Carrera's affirmative statement that he did not know the owner of the Social Security card as evidence of his guilt. Because Mr. Carrera has never-argued that Officer Dew failed to properly inform him of his Miranda rights, he has forfeited his ability to argue against the use of the affirmative statement. See State v. Mabe, 864 P.2d 890, 892 n, 6 (Utah 1993) (holding that, absent exceptional circumstances, this court will not consider on appeal an argument of noncompliance with Miranda that was nol raised in the trial court). But this forfeiture does not extend to -Mr. Carrera's silence because the City did not silence against him at trial. He therefore had nothing to challenge.
The dissent argues that even though "the pros-ectition did not affirmatively ask the jury" to draw the inference from silence, "savvy counsel" could have asked for a limiting instruction. Infra 134. But it strikes us as exceedingly poor strategy for defense counsel to use a limiting instruction to highlight for the jury impermissible inferences that were never mentioned at trial. Under the dissent's view, Mr. Carrera's attorney also should have alerted the jury that it could not consider Mr. Carrera's race or his decision not to testify, lest this court, of its own accord, decide to draw such inferences on appeal.

. Though we decline to consider the inference, we express no opinion as to the ultimate merits of its constitutional permissibility. We leave that decision for another day, when we have the benefit of argument and briefing by the parties.

. Almost any effort on this front could have revealed additional evidence sufficient to sustain the conviction. Hypothetically, the City may have been able to discover that the card had been reported stolen two months prior or that it was found among stolen goods also belonging to Ms. Alvin. Or perhaps that Mr. Carrera had used the card to obtain employment. Or maybe that Ms. Alvin lives outside of Utah, that she is a child, or that she is deceased. Any one of these facts would have provided a basis for the jury to conclude that Mr. Carrera possessed the card with nefarious intent.