2019 UT App 15

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JACOB BAER,
Appellant.

Opinion
No. 20170479-CA
Filed January 17, 2019

Fourth District Court, Fillmore Department
The Honorable Anthony L. Howell
No. 161700209

Nathan Phelps, Attorney for Appellant

Sean D. Reyes and Jonathan S. Bauer, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

POHLMAN, Judge:

¶1 Late one summer night, eighteen-year-old Jacob Baer and three other teenage boys entered a community swimming pool after hours. One of the teenagers who worked as a lifeguard at the pool (Lifeguard) used a key to let them in, and the group went swimming. Afterward, unbeknownst to Lifeguard, Baer took the pool's small lockbox used to store the pool's cash. When Lifeguard later asked Baer about the missing lockbox, Baer told him, "Tell the cops I wasn't there." With help from one of the other teenagers, K.D., authorities eventually recovered the pool's bank deposit bag from a nearby reservoir—the same place where Baer told a jailhouse informant that he had dumped the lockbox.

¶2 Baer now appeals his convictions for burglary, a third degree felony, and theft of services, a class B misdemeanor.[1] He contends that he received constitutionally ineffective assistance of counsel when his trial counsel failed to move for a directed verdict and failed to object to the jury instructions. We affirm.

ANALYSIS

¶3 A criminal defendant shows that he has been deprived of his right to the effective assistance of counsel if he demonstrates both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that his trial counsel performed deficiently, a defendant must demonstrate that "his counsel rendered a demonstrably deficient performance that fell below an objective standard of reasonable professional judgment." *State v. Robertson*, 2018 UT App 91, ¶ 36, 427 P.3d 361 (quotation simplified). But "it is well settled that counsel's performance at trial is not deficient if counsel refrains from making futile objections, motions, or requests." *State v. Burdick*, 2014 UT App 34, ¶ 34, 320 P.3d 55 (quotation simplified). To demonstrate prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability

---

1. In connection with the underlying events in this case, Baer was convicted of four other misdemeanor offenses, including theft, destruction of property, tampering with evidence, and contributing to the delinquency of a minor. Baer does not challenge those convictions.

is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

¶4      "When a criminal defendant raises a claim of ineffective assistance of counsel for the first time on appeal, there is no trial court ruling to examine. We must therefore decide, as a matter of law, whether [Baer] received constitutionally ineffective assistance of counsel." *See State v. Burnett*, 2018 UT App 80, ¶ 19, 427 P.3d 288 (citation omitted).

¶5      On appeal, Baer raises two issues. First, he contends that his trial counsel was ineffective for failing to seek a directed verdict on the burglary and theft of services charges. Second, he contends that his trial counsel was ineffective for failing to ensure that the jury instructions properly stated the applicable mental states for those two charges.

## I. Sufficiency of the Evidence

¶6      Baer contends that his trial counsel rendered ineffective assistance of counsel by "failing to challenge the sufficiency of the evidence" supporting the charges of burglary and theft of services. He suggests that counsel should have sought to dismiss those charges by moving for a directed verdict.[2] We disagree.

---

2. Baer also briefly suggests that his trial counsel should have filed a motion to arrest judgment before sentencing with respect to the burglary conviction. When this court considers "whether filing a motion to arrest judgment would have been futile, we evaluate whether the evidence presented at trial was so questionable that such a motion would have caused the trial court to reverse the jury verdict." *State v. Wells*, 2014 UT App 13, ¶ 7, 318 P.3d 1251. "The court may only reverse a jury verdict when the evidence is sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a

(continued…)

¶7    If the State presents no competent evidence from which a reasonable jury could find the elements of the relevant crime, then trial counsel should move for a directed verdict and the failure to do so "would likely constitute deficient performance." *State v. Burdick*, 2014 UT App 34, ¶ 35, 320 P.3d 55 (quotation simplified). But "a directed verdict should not be granted if, upon reviewing the evidence and all inferences that can be reasonably drawn from it[,] some evidence exists from which a reasonable jury could find that the elements of the crime had been proved beyond a reasonable doubt." *Id.* (quotation simplified). Thus, if the State presents "some evidence from which a reasonable jury could find" all the elements, "trial counsel's decision not to raise a futile motion for a directed verdict would not be deficient performance." *See id.* (quotation simplified). In examining whether a motion for directed verdict could have been granted, "we view the evidence presented at trial in the light most favorable to the State." *Id.*

¶8    With this standard in mind, we first consider whether a directed verdict motion would have been futile on Baer's charge for burglary, and then we consider the same question with regard to the charge for theft of services.

---

(…continued)

reasonable doubt that the defendant committed the crime for which he or she was convicted." *Id.* (quotation simplified). "As we conduct [this] evaluation, we review the evidence and all reasonable inferences that may fairly be drawn therefrom in the light most favorable to the jury verdict." *Id.* (quotation simplified). Here, any effort to arrest judgment on Baer's burglary conviction would have been futile for the same reasons that a motion for a directed verdict would have failed. *See infra* ¶¶ 12–14.

¶9    Regarding the burglary charge, Baer asserts that "the State failed to show that [he] unlawfully entered the pool." Baer acknowledges Lifeguard's testimony that Lifeguard "was not authorized to go into the pool at night," but Baer asserts that "the State never elicited testimony suggesting that [Lifeguard] explained to [Baer] and the other boys that he was not authorized to admit the others to the pool after hours." In Baer's view, there was no evidence "showing why [Baer] should know that he was not authorized" to enter the pool after hours.

¶10    As relevant here, Utah law defines burglary as when a person "enters or remains unlawfully in a building or any portion of a building with intent to commit . . . theft." Utah Code Ann. § 76-6-202(1)(b) (LexisNexis 2017). Baer's sufficiency argument focuses solely on the element of entering or remaining unlawfully. The Utah Code defines "enter or remain unlawfully" to mean that

> a person enters or remains in or on any premises when: (a) at the time of the entry or remaining, the premises or any portion of the premises are not open to the public; and (b) the actor is not otherwise licensed or privileged to enter or remain on the premises or any portion of the premises.

*Id.* § 76-6-201(3). The undisputed evidence established that the pool was closed at the time of Baer's entry and thus was "not open to the public." *See id.* § 76-6-201(3)(a). Baer concedes that "there is nothing to suggest that [his] entry was privileged" to enter the premises, so the relevant question is whether sufficient evidence showed that Baer was not "otherwise licensed . . . to enter or remain on the [pool's] premises." *See id.* § 76-6-201(3)(b).

¶11    The primary evidence against Baer about his entry to the pool was provided by Lifeguard and K.D. Lifeguard testified that, on the weekend night in question, he had possession of a key to the pool so that he could open the pool at 5 a.m. the next

Monday morning. According to Lifeguard, even though he was not authorized to go into the pool at night, Lifeguard suggested to K.D. and another teenager, G.S., that they go "night swimming." G.S. invited Baer to join them, and Baer met them there. K.D. testified that Baer parked his car at the middle school "right next door" to the pool. Lifeguard then used his key to unlock the pool, and they all went swimming. Lifeguard testified that they entered the pool at "about ten at night," but the State also introduced evidence that Lifeguard told the pool manager that they had been there at about "2:00 in the morning."

¶12     Although Baer maintains that the evidence failed to show "why [he] should know that he was not authorized" to enter the pool after hours with a lifeguard who had a key, the State's evidence, and the reasonable inferences that can be drawn from it, provided a sufficient basis for a reasonable jury to conclude that Baer was not licensed or authorized to enter or remain at the pool after hours and that Baer knew that he lacked such authorization.

¶13     Baer and the other teenagers entered the locked pool on a weekend evening around 10 p.m. or later. Lifeguard—who was merely a juvenile employee of the pool and not, say, a manager—used his key to access the premises. Lifeguard testified that he had the key for the purpose of opening the pool Monday morning and was not authorized to go into the pool at night. Relying on logic and reasonable human experience, a jury could reasonably infer from these facts that this group of teenagers, out late on a weekend, was not allowed to access the closed pool and that Lifeguard did not have authority to take his friends "night swimming." *See generally State v. Cristobal*, 2014 UT App 55, ¶ 4, 322 P.3d 1170 ("A reasonable inference is a conclusion that can be drawn from the evidence and is based on logic and reasonable human experience."). Even though Baer claims that he did not actually know that Lifeguard lacked authority to open the pool to him, no evidence suggested that

Baer had reason to believe that Lifeguard was allowed to treat his friends to an after-hours swim.[3] Yet other evidence supports the reasonable inference that Baer knew that his entry to the pool was unlawful. Before entering the premises, Baer parked his car next door at the middle school. One reasonable inference from that fact is that Baer was seeking to avoid detection and knew that the group was sneaking into a pool that was off-limits. *Cf. Salt Lake City v. Carrera*, 2015 UT 73, ¶ 11, 358 P.3d 1067 ("Circumstantial evidence is particularly useful in establishing intent because direct evidence of intent is rarely available. We allow juries to rely on circumstantial evidence to find intent on the basis of reasonable inferences drawn from the evidence.").

¶14    Thus, contrary to Baer's assertions, the State did provide some evidence from which a reasonable jury could find that Baer "unlawfully entered the pool" and that "[Baer] should know that he was not authorized" to enter the pool. As a result, the trial court would not have granted a motion for a directed verdict on the burglary charge, and trial counsel therefore did not render ineffective assistance in failing to raise a futile motion. *See Burdick*, 2014 UT App 34, ¶ 34; *see also State v. Johnson*, 2015 UT App 312, ¶ 16, 365 P.3d 730.

¶15    Regarding the theft of services charge, Baer makes a similar argument. He first explains that the "service [he] is accused of stealing is use of the swimming pool." Then he asserts that "the State failed to produce evidence showing that [Baer] did know that accepting [Lifeguard's] invitation to swim

---

3. Baer might have reasonably believed that he was allowed to be on the premises that night if there had been evidence that, for example, Lifeguard told Baer that employees and their guests were permitted to use the pool's facilities after hours. But the only evidence in the case was the State's; Baer did not call any witnesses.

was not proper" or that Lifeguard "was not permitted to open the pool to his friends," because no evidence showed that "the fee couldn't be waived or that employees weren't allowed to bring friends in without cost."

¶16     Under Utah law, "[a] person commits theft if he obtains services which he knows are available only for compensation by deception, threat, force, or any other means designed to avoid the due payment for them."[4] Utah Code Ann. § 76-6-409(1) (LexisNexis 2017). The same facts that support a finding that Baer entered the pool unlawfully also support the reasonable inference that Baer knew that swimming in the pool was available only for a fee. *Supra* ¶ 13. Again, contrary to Baer's assertions, the State submitted some evidence that could support a finding that Baer did know that accepting Lifeguard's invitation to swim when the pool was closed to the public "was not proper."

¶17     In sum, if trial counsel had moved for a directed verdict on the burglary or theft of services charges, those efforts would have been futile. Baer's ineffective assistance claims in this regard fail. *See Burdick*, 2014 UT App 34, ¶ 34.

## II. The Jury Instructions

¶18     Baer next contends that his trial counsel was ineffective for failing to demand that the jury be properly instructed on the

---

4. "In this section 'services' includes, but is not limited to, labor, professional service, public utility and transportation services, restaurant, hotel, motel, tourist cabin, rooming house, and like accommodations, the supplying of equipment, tools, vehicles, or trailers for temporary use, telephone or telegraph service, steam, admission to entertainment, exhibitions, sporting events, or other events for which a charge is made." Utah Code Ann. § 76-6-409(3) (LexisNexis 2017).

applicable mental states for burglary and theft of services. We conclude that Baer has not carried his burden of persuasion and that his ineffective assistance claims in connection with the two instructions therefore fail.

¶19    The Utah Rules of Appellate Procedure require an appellant's brief to "explain, with reasoned analysis supported by citations to legal authority and the record, why the party should prevail on appeal." Utah R. App. P. 24(a)(8). "Briefs must contain reasoned analysis based upon relevant legal authority. An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Davie*, 2011 UT App 380, ¶ 16, 264 P.3d 770 (quotation simplified). And "an appellant that fails to devote adequate attention to an issue is almost certainly going to fail to meet [his] burden of persuasion." *State v. Ogden*, 2018 UT 8, ¶ 24 n.3, 416 P.3d 1132 (quotation simplified).

¶20    With respect to both jury instructions, Baer has not carried his burden to show that counsel performed deficiently and that he was prejudiced by counsel's alleged errors. Although Baer asserts that his counsel performed deficiently by failing to ensure the instructions properly explained the applicable mental states and asserts that the instructions were inadequate, he does not identify or discuss the offending instructions and fails to make a cogent argument about what should have been done to make them passable. As a result, Baer's terse briefing on the adequacy of the jury instructions and his counsel's performance effectively "shift[s] the burden of research and argument" to this court. *See Davie*, 2011 UT App 380, ¶ 16 (quotation simplified). Likewise, Baer has not devoted adequate attention to showing how, given the facts of this case, there is a reasonable probability that, but for counsel's failure to object to the instructions, the outcome would have been different. Baer therefore has not

demonstrated ineffective assistance of counsel related to the jury instructions.

CONCLUSION

¶21    We conclude that, because the State introduced sufficient evidence of burglary and theft of services, Baer's trial counsel did not perform ineffectively by failing to move for a futile directed verdict on those charges. We further conclude that, because Baer has not carried his burden of persuasion, he cannot prevail on his ineffective assistance of counsel claims regarding his counsel's failure to object to the jury instructions. Accordingly, we affirm.

─────────