**2025 UT App 123**

## THE UTAH COURT OF APPEALS

CEDAR CITY,
Appellee,
*v.*
JENNIFER LYNN MCCRAW,
Appellant.

Opinion
No. 20230747-CA
Filed August 14, 2025

Fifth District Court, Cedar City Department
The Honorable Matthew L. Bell
No. 221500477

Dylan T. Carlson, Debra M. Nelson, Benjamin Miller,
and Wendy M. Brown, Attorneys for Appellant

Randall K. McUne, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES GREGORY K. ORME and DAVID N. MORTENSEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 After a ten-minute bench trial held in her absence, Jennifer Lynn McCraw was found guilty of criminal mischief and domestic violence in the presence of a child. On appeal, McCraw contends that her trial counsel (Counsel) rendered constitutionally ineffective assistance in several respects. One claim is dispositive. Because Cedar City (the City) presented no evidence that McCraw damaged or destroyed the property of another—an essential element of criminal mischief, which was also the predicate offense for the domestic violence charge—Counsel's failure to move for a directed verdict was deficient and prejudicial. We therefore vacate McCraw's convictions and remand this matter for a new trial.

BACKGROUND[1]

¶2 In October 2021, McCraw and her girlfriend, Victoria,[2] argued inside their shared residence located in Cedar City, Utah. The dispute escalated to the point that McCraw threw and shattered plates on the floor in front of Victoria's young child. The City charged McCraw in the Iron County Justice Court with criminal mischief and domestic violence in the presence of a child; the case was later transferred to the Fifth District Court.

¶3 The bench trial was continued once and reset. When the trial was finally convened, McCraw did not appear. Counsel briefly left the courtroom to try to contact her client, returned, and reported that McCraw was unavailable. Counsel explained that McCraw was experiencing homelessness and had relocated out of state to find shelter. Counsel did not argue that McCraw's absence was involuntary or seek to continue the trial, and the trial proceeded without her.

¶4 Before any witnesses were called, Counsel agreed the City could proceed entirely by proffer[3] and indicated that she did not intend to cross-examine any of the City's witnesses, even though

---

1. Following a bench trial, "we recite the facts from the record in the light most favorable to the findings of the trial court and present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Cowlishaw*, 2017 UT App 181, ¶ 2, 405 P.3d 885 (quotation simplified).

2. A pseudonym.

3. "When evidence is going to be received substantively by proffer, the proffering party states what the witness would testify to if called . . . , and if the opposing party consents, a court can accept the proffer." *Krajeski v. Krajeski*, 2025 UT App 19, ¶ 47 n.8, 565 P.3d 544, *cert. denied*, July 2, 2025 (No. 20250403).

the witnesses were present. The prosecutor proffered the testimony of Victoria and two police officers. The City's proffers established that McCraw broke and damaged plates during an argument, that Victoria's minor child witnessed this altercation, and that McCraw confessed to arguing with Victoria and breaking the plates. No proffer established to whom the plates belonged. After the City rested, the trial court asked Counsel, "[D]o you have anything to offer"? She replied, "No, Judge." Counsel called no witnesses and made no closing argument. The court found McCraw guilty on both counts, and McCraw timely appealed.

## ISSUES AND STANDARD OF REVIEW

¶5 McCraw raises several claims of ineffective assistance of counsel, and we address the merits of only one. McCraw contends that Counsel performed deficiently by failing to move for a directed verdict after the City rested its case without proving the damaged plates were owned by someone other than McCraw, an essential element of the criminal mischief charge. McCraw further alleges that Counsel's failure prejudiced her. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Wall*, 2020 UT App 168, ¶ 13, 479 P.3d 355 (quotation simplified).

## ANALYSIS

¶6 McCraw argues that Counsel's complete failure at trial to make any motions, pursue any defensive tactics, or otherwise test the prosecution's case in any meaningful way violated her Sixth Amendment right to effective assistance of counsel. Specifically, McCraw argues that Counsel performed deficiently in failing to argue that McCraw's absence from the trial was involuntary and to request a continuance of the trial, in failing to subject the City's case to any meaningful adversarial testing, in failing to move for a directed verdict, and in failing to challenge the constitutionality

of the criminal mischief statute. We are persuaded that Counsel's failure to move for a directed verdict on the criminal mischief charge provides a basis to vacate McCraw's convictions and grant her a new trial, and we therefore do not address the merits of her other ineffective assistance of counsel claims.[4]

¶7      Applying the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, McCraw must show (1) that Counsel performed deficiently and (2) that she was prejudiced as a result. *See id.* at 687. To show deficient performance, McCraw must overcome the presumption that Counsel's actions fell "within the wide range of reasonable professional assistance." *Id.* at 689. "The court gives trial counsel wide latitude in making tactical decisions and will not question such decisions unless there is no reasonable basis supporting them." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (quotation simplified). Moreover, "the question of deficient

---

4. Though there is no claim of trial court error here, we would be remiss if we did not note that because a defendant charged with a crime has a constitutional and statutory right to be present at trial, it is incumbent upon the trial court to ensure that a non-appearing defendant has voluntarily absented herself from the trial. *See State v. Wanosik*, 2003 UT 46, ¶ 13, 79 P.3d 937 ("The right to appear and defend in person is a constitutional one, but may be waived under certain circumstances if the defendant voluntarily absents himself from the trial. However, that voluntariness may not be presumed by the trial court." (quotation simplified)). "It is impermissible to apply an automatic presumption of voluntariness based on nothing more than non-appearance at a hearing of which a defendant had notice." *State v. Marshall*, 2025 UT App 79, ¶ 19, 571 P.3d 824 (quotation simplified). Moreover, "[n]o one denies the general principle" that "the onus is on the [prosecution] to show voluntariness of absence and lack of consent to a trial in absentia." *State v. Ross*, 655 P.2d 641, 642 (Utah 1982) (per curiam), *cited in Marshall*, 2025 UT App 79, ¶ 19.

performance is not whether some strategy other than the one that counsel employed looks superior given the actual results of trial. It is whether a reasonable, competent lawyer could have chosen the strategy that was employed in the real-time context of trial." *State v. Nelson*, 2015 UT 62, ¶ 14, 355 P.3d 1031 (quotation simplified). And "even where a court cannot conceive of a sound strategic reason for counsel's challenged conduct, it does not automatically follow that counsel was deficient. . . . [T]he ultimate question is always whether, considering all the circumstances, counsel's acts or omissions were objectively unreasonable." *State v. Scott*, 2020 UT 13, ¶ 36, 462 P.3d 350; *see also State v. Ray*, 2020 UT 12, ¶¶ 34–36, 469 P.3d 871.

¶8 To establish prejudice under the second prong of the *Strickland* test, McCraw must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In assessing whether a defendant has met this standard, we "consider the totality of the evidence before the judge or jury and then ask if the defendant has met the burden of showing that the [verdict] reached would reasonably likely have been different absent the errors." *State v. Garcia*, 2017 UT 53, ¶ 28, 424 P.3d 171 (quotation simplified).

## A. Deficient Performance

¶9 McCraw argues that based upon the evidence that was proffered at trial, it was objectively unreasonable for Counsel to fail to move for a directed verdict once the City rested its case. The City charged McCraw with criminal mischief for breaking and damaging plates during an argument. It also charged her with domestic violence in the presence of a child, for which the criminal mischief charge was a predicate offense. To obtain convictions, then, the City had to produce evidence that McCraw "intentionally damage[d], deface[d], or destroy[ed] the property

of another." Utah Code § 76-6-106(2)(c) (2021).[5] But no evidence was presented that the plates damaged and destroyed by McCraw were "the property of another." The proffers of the anticipated testimony of Victoria and the responding officers never addressed ownership of the plates.

¶10 The City is correct that when reviewing the sufficiency of the evidence presented at trial, an appellate court will consider all the inferences that can be reasonably drawn from the evidence and will affirm a conviction as long as "some evidence exists from which a reasonable [factfinder] could find that the elements of the crime had been proven beyond a reasonable doubt." *State v. Doyle*, 2018 UT App 239, ¶ 11, 437 P.3d 1266 (quotation simplified). But we agree with McCraw that the City produced *no evidence* as to who owned the plates. As such, the inference the City advances that Victoria owned the plates because she continued to live in the home after the incident would not have been reasonable. Consequently, Counsel should have sought dismissal of the charges. *See State v. Baer*, 2019 UT App 15, ¶ 7, 438 P.3d 979 ("If the [prosecution] presents no competent evidence from which a reasonable [factfinder] could find the elements of the relevant crime, then trial counsel should move for a directed verdict and the failure to do so would likely constitute deficient performance." (quotation simplified)).

¶11 The City counters that it was reasonable for Counsel to forgo a directed verdict motion when such a motion would have been futile because the trial court appeared satisfied that all

---

5. The criminal mischief statute has been amended since McCraw was charged in 2021. The "intentionally damages, defaces, or destroys the property of another" language is now found in Utah Code section 76-6-106.1(2)(b). A violation of that section is still a predicate offense for a commission of domestic violence in the presence of a child charge. *See* Utah Code §§ 76-5-114(2), 77-36-1(4)(b)(xiv).

elements of the charges had been met. The City contends that such is the case because the court did not ask any clarifying questions about ownership of the plates when the court had earlier sua sponte solicited information about an element of the domestic violence charge. But a court's unspoken assumption cannot excuse the prosecution's burden to prove each element of criminal mischief beyond a reasonable doubt. Where a gap exists in the evidence, reasonable defense counsel must challenge that lack of evidence. Accordingly, we agree with McCraw that Counsel's silence was objectively unreasonable and therefore constituted deficient performance.

### B.    Prejudice

¶12    McCraw must also demonstrate that she was prejudiced by Counsel's deficient performance. To do this, she "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. And when assessing such a claim, we may consider the counterfactual scenario of "what would have happened but for the ineffective assistance." *Ross v. State*, 2019 UT 48, ¶ 76, 448 P.3d 1203. So viewed, had Counsel moved for a directed verdict at the close of the City's case and brought attention to the lack of proof on this element, the trial court would have been obliged to grant the motion. The City never "established a prima facie case against the defendant by producing believable evidence of all the elements of the crime charged." *State v. Montoya*, 2004 UT 5, ¶ 29, 84 P.3d 1183 (quotation simplified). Here, the City's proffer did not allege any evidence about who owned the damaged plates. Therefore, the criminal mischief charge could not have withstood a motion for a directed verdict. And without the criminal mischief conviction, the City concedes that the domestic violence count fails as well. The reasonable probability of an acquittal thus satisfies *Strickland* prejudice.

¶13 True, if Counsel had moved for a directed verdict and brought the gap in the evidence to the attention of the City and the trial court, the court might have let the City reopen its case to allow the presentation of additional evidence. "A motion to reopen to take additional testimony when a case has been submitted to the court, but prior to the entry of judgment, is addressed to the sound discretion of the court." *Lewis v. Porter*, 556 P.2d 496, 497 (Utah 1976). "The word 'discretion' itself imports that the action should be taken with reason and in good conscience, and with an understanding of and consideration for the rights of the parties, for the purpose of serving the always desired objective of doing justice between them." *Davis v. Riley*, 437 P.2d 453, 455 (Utah 1968). But discretion is not certainty, and reopening is never guaranteed. Given the evidentiary void, there is at least a reasonable probability that had Counsel moved for a directed verdict, the trial court would have dismissed the charges.

## CONCLUSION

¶14 Counsel should have recognized that the City rested its case without proving every element of criminal mischief and should have taken some action. And McCraw was prejudiced by Counsel's failure to act. Accordingly, we vacate McCraw's convictions and remand this matter for a new trial.

———————